————o————

PACIFIC RAILROAD, Respondent, *vs* J. C. WATSON, *et al.*, Appellants.

1. *Practice, civil—Motion in arrest—Misjoinder.*—Motion in arrest will not lie for misjoinder of parties.
2. *Railroads—Property in City of Jefferson—Assessment for taxation by municipality in year* 1871.—After the passage of the act of March 10th, 1871, touching railroad taxation (Sess. Acts 1871, p. 56), the City of Jefferson had no authority under its charter to assess the property of railroad companies situate within its limits, and collect taxes thereon for the year 1871. Under § 2 of the act, the lists and statements which formed the basis of the adjustment of values by the board of equalization for the first annual tax under that law, might be filed at any time before the 1st of February, 1872. But under § 3 the board could make a subsequent separate return assessing the property for that year. And the tax may certainly be collected under § 5 of the act of March 24th, 1873 (Sess. Acts1873, p 64), if not paid before the passage of that law.

*Appeal from Cole Circuit Court.*

*J. N. Litton,* for Appellants.

I. The act of March 10th, 1871, made no provision for assessing the railroad property for that year, nor did it repeal the provisions of the city charter of Jefferson City, by which it had the right to assess the property. (Carondelet vs. Picot, 38 Mo., 125 ; State *ex rel.* vs. Severance, 55 Mo., 378.)

*E. L. Edwards & Son,* for Respondent.

I. Objections for misjoinder cannot be raised after a trial upon the merits, and by a motion in arrest. (Ashley vs. Winston, 26 Mo., 210 ; Russell vs. DeFrance, 39 Mo., 511 ; Miss. Planing Mill vs. Presbyterian Church, 54 Mo., 520 . Kerr vs.

Bell, 44 Mo., 120 ; Soeding vs. Bartlett, 35 Mo., 94 ; Ruegger vs. Linderberger, 53 Mo.. 364 ; Kotte vs. Menier, 50 Mo. 158.)

II. Whatever power, if any, the assessor of Jefferson City may have had to assess defendant's property was taken away by the act of March 10th, 1871 (Sess. Acts 1871, p. 56). This whole subject has been carefully examined, and the point expressly decided in State *ex rel.* vs. Severance (55 Mo., 378).

VORIES, Judge, delivered the opinion of the court.

This was a proceeding by writ of *certiorari* sued out of the Cole Circuit Court, requiring the defendants to certify up to said Circuit Court, their action as a Board of Appeals to correct the tax assessment made by the Assessor for the city of Jefferson for the year 1871, wherein a certain assessment had been made against said railroad company.

The record in this case is a long one, and is gotten up in a very confused manner; but the facts necessary to an understanding of the main points involved in the case are few, and substantially as follows:

The mayor and board of aldermen of the city, had power, by virtue of its charter, passed in February, 1839, by ordinance to levy and collect taxes upon real and personal property within the city limits. An ordinance was afterwards passed defining what kinds of property should be subject to taxation by the city authorities. By this ordinance all property was assessed for each year, to persons owning the same, on the first day of April in the respective years, but the yearly assessments were not made until after the first Monday in May. It was also provided by the ordinance that the board of Alderman of the city, after a return was made of the assessment lists by the city assessor for each year, should be authorized to resolve itself into a Court of Appeals to hear and determine all appeals from the assessments, and to decide the same and correct the assessment lists, etc. In the year 1871 the city assessor, by virtue of the ordinance before referred to, made the following assessment against the Pacific Railroad Company, to-wit:

"Received of the PacificRailroad company ——— dollars, being the amount of city taxes for the year 1871, in the city of Jefferson, on real estate as below detailed, including poll and personal property ; Depot, $12,000 ; machine shops and round house, $5,000 ; 15 engines, at $10,000 each, $150,000 ; 2 freight cars, $2,000 ; 1 mile of track, $8,000 ; total value, $177,000 ; amount of tax, $2,665."

When the aldermen of the city afterwards met as a Court of Appeals, etc., and while they were in session as such, the Pacific Railroad company, by its attorneys, appeared before said court and filed its written protest against said assessment, claiming that said property was not liable to taxation by said city, and further that if any part of said property should be liable to taxation by said city, it could only be assessed and taxed under the act of the General Assembly passed March 10, 1871, and in the manner by said act prescribed, and therefore asked that said assessment be set aside or quashed, and that the same be corrected, etc. After several irregular orders made by said Court of Appeals, and a fruitless attempt to compromise the matters of difference, the said board, or Court of Appeals, refused to vacate said assessment or to correct or change the same. The Pacific Railroad company then appeared in the Cole Circuit Court, and filed its petition in the name of the State of Missouri, on its relation, praying for a writ of *certiorari*, requiring the said Court of Appeals to certify the proceedings in the case to said court, which said writ was issued and returned with the proceedings in the case. The case was heard in the Circuit Court and the assessment was quashed and annulled, and final judgment rendered in favor of the plaintiff. The defendant filed motions for a re-hearing and in arrest of the judgment, both of which being overruled, the defendants appealed to this court.

Several points were made and discussed by the respective parties, both in the Circuit Court and in this court, but with the view that we take of the case it will only be necessary to notice one point or objection made by the plaintiff to the assessment under consideration.

The question made by the defendants in their motion in arrest of the judgment, that there was an improper joinder of parties comes too late 'when raised for the first time after the trial.

The important question in this case is, whether the city of Jefferson could proceed to assess the property of railroad companies situate in the limits of the city and collect taxes thereon under the provision of its charter and the ordinances made thereunder, after the passage of the act of the legislature concerning railroad taxation, which was passed and approved on the 10th day of March, 1871 (Sess. Acts 1871, p. 56). The first section of that act reads as follows :

" All railroads now constructed, in course of construction, or which shall hereafter be constructed in this State, and all other property, real, personal or mixed, owned by any railroad company or corporation in this State, shall be subject to taxation for State, county and other municipal or local purposes, to the extent and in the manner hereinafter set forth."

The second section provides that " on or before the first day of February in each and every year, the president or other chief officer of every railroad company whose road is now or which shall hereafter become so far completed and in operation as to run locomotive engines with freight or passenger cars thereon, shall furnish to the State auditor a statement, duly subscribed and sworn to by said president or other chief officer, before some officer authorized to administer oaths, setting out in detail all the property of said company, including the road bed, buildings, machinery, engines, cars, lands, workshops, depot and all other property, of whatsoever kind, with the location thereof and the actual value thereof in each county, in cash." The fourth section provides for an additional statement to be filed at the same time in each year, setting out the length of such road, and the number of miles in length of such road in each county, city or incorporated town in which the road may be located. The act then provides for a board of equalization who shall adjust and equalize the value of railroad property as therein set forth. The

eighth section providing that " the board shall apportion the value of all lands, work-shops, depots and other buildings belonging to each railroad company to the counties, cities or incorporated towns in which such lands, workshops or depots or other buildings are situate; and the aggregate value of all other property of each railroad company shall be apportioned to each county, city or incorporated town in which such road shall be located according to the ratio which the number of miles of such road completed in such county shall bear to the whole length of the railroad." This act passed on the 10th of March, 1871, and is made to take effect from the time of its passage.

It is not necessary that I should set out any further provisions of this act, or that I should make any comments on its proper construction. The court held in the case of State *ex rel.*, etc. vs. Severance, (55 Mo., 378) that all of the property of railroad companies was to be assessed by the board of equalization provided for in that act, and that the value of the said property found to be in a city or town should be transmitted to the authorities thereof for assessment, and that the action of this board was exclusive, and that no other officers, either State or municipal, had any right to assess said property for taxation. It is conceded by the defendants that the mode of taxation provided in this act is exclusive of all other modes of taxing railroad property; but it is contended that the act could not effect the right of the city to levy taxes against said property for the year 1871, under the provisions of its charter and ordinances; that as the lists and statements to be filed under the act as a predicate for the levy of taxes were to be filed on or before the first of February of each year, and as the act was passed on the 10th day of March, 1871, it was impossible that any taxes could be levied under the act for the year 1871, and that although it was provided that the act should be in force from its passage, it could not have been intended that the act should suspend or repeal the right of taxation by the city under its charter and ordinances before the first of February, 1872; that any other construc-

tion of the act would deprive the city of any right to tax the property of the railroad company for the year 1871.

I do not think that the defendant is right in this position. The third section of the act was intended to provide for all such cases. By that section it is provided that if any such railroad or other property of a railroad company shall have been subjected to taxation prior to the passage of the act for any year for which it shall not have been assessed *and paid taxes*, then separate returns for each year for which *taxes have not been paid*, shall be made as therein required. It is plain from this third section that the intention of the legislature was that railroad companies should not escape taxation for any year, in consequence of the passage of the act, and although the section is not very clear in its language, using the words " *shall* have been subject to taxation prior to the passage of this act," and "*shall* not have paid," etc. ; yet the plain intent and meaning of the act was that where the chief officer of the company, on the first day of February, 1872, should file his statement, etc., if there was any previous year that the railroad company had been subject to taxation and the taxes had not been assessed and paid for said year, a separate return was to be made for said year in which the taxes were unpaid. This construction will, I think; carry out the clear intention of the legislature. And if the taxes for the year 1871 have not yet been paid, they may at least be collected under the provisions of the fifth section of the act concerning railroad taxation, passed on the 24th of March, 1873. (Sess. Acts 1873, p. 63.)

The judgment of the Circuit Court is affirmed ; the other judges concur.