Mead v. Brown.

AFFIRMED.

MEAD v. BROWN, APPELLANT.

1. **Practice**: UNITING DISTINCT CAUSES OF ACTION: WAIVER. Where no objection is taken, either by demurrer or answer, to a petition on the ground that it unites two distinct causes of action, one against one defendant and the other against the remaining defendants, the objection will be deemed to be waived.

2. ———: PARTITION: JUDGMENT NUNC PRO TUNC. Where the order approving the report of commissioners in partition, although informal, taken in connection with the report itself, affords sufficient data, there is no error in the entry, at a subsequent term, of a judgment *nunc pro tunc*, ratifying and giving effect to the report.

3. ———: FAILURE TO SUGGEST MARRIAGE OF A PARTY. Where the failure to suggest the marriage of a female defendant, occurring after the suit is brought, and to bring in the husband as a party to the suit, can in nowise imperil the interests or affect the rights of a co-defendant, the Supreme Court will not, at his instance, reverse the judgment for this irregularity.

*Appeal from the Cass Circuit Court.*—HON. FOSTER P. WRIGHT, Judge.

*Hall & Givan and R. O. Boggess* for appellant.

1st. The judgment was rendered against a married woman and was, therefore, irregular and void. *St. Louis v. Bernoudy*, 43 Mo. 552; *Higgins v. Peltzer*, 49 Mo. 152; *Caldwell v. Stephens*, 57 Mo. 589; *Werneck v. Wood*, 58 Mo. 352; *Hunt v. Thompson*, 61 Mo. 148.

2nd. Such judgment being irregular and void as to one of the defendants, is irregular and void as to all, and might even be disregarded by the plaintiff. *Rush v. Rush*, 19 Mo. 441; *Randall v. Wilson*, 24 Mo. 76; *Smith v. Rollins*, 25 Mo. 408; *Pomeroy v. Betts*, 31 Mo. 419; *Cov. Mut.*

*Life Ins. Co. v. Clover,* 36 Mo. 392; *Goode v. Crow,* 51 Mo. 212; *Dicker v. Lidwell,* 4 Cent. Law J. 142; *Dailey v. McGinnis,* 57 Mo. 362.

3d. No facts appear of record in this case which would authorize the judgment *nunc pro tunc,* rendered by the court below: *Saxton v. Smith,* 50 Mo. 490; *Turner v. Christy,* 50 Mo. 145; *Gibson v. Chouteau,* 45 Mo. 171; *Dunn v. Raley,* 58 Mo. 134; *Jones v. Hart,* 60 Mo. 351.

4th. The petition contains two distinct causes of action, one of which affects only the appellant, the other only affects the other defendants. Where different causes of action are joined in the same petition, they must affect all the parties to the action. *Liney v. Martin,* 29 Mo. 29; Wag. Stat. p. 1012, Sec. 2; *McCoy v. Yager,* 34 Mo. 134; *Doan v. Holly,* 25 Mo. 357; *Clark v. Han. & St. Jo. R. R.* 36 Mo. 202; *Hoagland v. Han. & St. Jo. R. R.* 39 Mo. 451; *House v. Lowell,* 45 Mo. 381.

SHERWOOD, C. J.—Plaintiff, the widow of one Reuben Mead, sues for assignment and admeasurement of dower in two hundred acres of land, one hundred of which had been conveyed to Brown anterior to her husband's death, the residue descending to the decedent's children, who, together with Brown, were joined as parties defendant. Plaintiff had judgment, to reverse which defendant Brown alone appeals.

I. It is objected that this suit unites two distinct causes of action: one against Brown only, the other against the children and heirs at law of the deceased husband. In respect of this, it is to be observed that no objection being taken thereto, either by demurrer or answer, the objection must be deemed as waived, (2 Wag. Stat. 1015, § 10); *Dailey v. Houston,* 58 Mo. 361; *Pomeroy v. Benton,* 57 Mo. 531, (*loc. cit.* 550.) and cas. cit.; *Pacific R. R. Co. v. Watson,* 61 Mo. 57 and cas. cit.; consequently the objection comes too late when offered, for the first time, by motion in arrest.

II.   There was no error in entering at a subsequent term the judgment *nunc pro tunc*, which ratified and effec-

2. ——, partition: *nunc pro tunc:* judgment.

uated the report of the commissioners; and the order approving the report although informal, taken in connection with the report itself, afforded ample basis whereon to build the amended entry.

III.   One question only remains for discussion. It is insisted that defendant Brown's motion should have pre-

3. ——: failure to suggest marriage of a party.

vailed and the judgment have been set aside on the ground of irregularity, for that after suit brought and before the making of the interlocutory order appointing commissioners to assign and admeasure the plaintiff's dower, Louisa C. Mead, one of the defendants, intermarried with one Richard Woodell, which fact was established by testimony and admitted by the plaintiff. No one is complaining of the ruling of the lower court in this regard, but Brown. No doubt it would better have comported with regularity to have suggested the marriage of Louisa C. Mead, and had her husband made also a party defendant by appropriate procedure. But in what way are Brown's rights predjudicially affected? The suggestion or the non-suggestion of the marriage, the bringing into the suit of the husband Woodel, or the absolute failure to do so, could in no ways imperil his interests or affect his rights. The report of the commissioners and the judgment of the court would doubtless have been the same, whether the husband were joined as party defendant or not.

Looking at the matter in this light, we do not feel at liberty to reverse the judgment upon a bare technicality, and this is especially so when we reflect on, and bear in mind, two statutory mandates,—the one commanding a " disregard of any error or defect in the pleadings and proceedings which shall not affect the substantial rights of the adverse party " (§ 5, 2 Wag. Stat. p. 1034.); the other forbidding this court to "reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error and mate-

rially affecting the merits of the action" (2 W. S. p. 1067. § 33.) Obeying these mandates, we affirm the judgment. All concur. AFFIRMED.