Anderson v. Pemberton.

ANDERSON *et al.* v. PEMBERTON *et al., Appellants.*

1. **Roads and Highways, Proceedings to Open and Change:** COMMISSIONERS TO ASSESS DAMAGES, APPOINTMENT AND POWERS OF. Where commissioners appointed under the provisions of the act of 1883 (Sessions Acts, 157), to assess damages which land owners may sustain by reason of the location of a new road, or change of road, fail to qualify, enter upon the discharge of their duties and make their report on or before the first day of the next regular term of the county court, their appointment becomes *functus officio,* and all subsequent proceedings thereunder are unauthorized.

2. **Condemnation Proceedings, Nature of:** EMINENT DOMAIN. The power to take private property for public use, without the consent of the owner, is a summary proceeding, in derogation of common law and common right, and the utmost strictness is required in order to give it validity. And unless it affirmatively appear upon the face of the proceedings that every essential pre-requisite of the statute conferring the authority has been complied with, such proceedings will be void.

3. **Equitable Owner of Land:** PROCEEDING TO OPEN ROAD: PARTIES: DAMAGES. One who has been placed in possession of land under a parol gift, and has lived upon it for fourteen years, paid the taxes, and made lasting and valuable improvements thereon, is at least the equitable owner of the same, and where the county road commissioner is informed of these facts when he views such land in connection with proceedings to open a public road, the equitable owner should be made a party to the proceedings and have her damages assessed, and she has the right on trial anew in the circuit court to make her ownership known, and demand that her damages be assessed before her property be taken.

4. **Proceeding to Open Public Road.** Proceedings to open a public road must be taken in their entirety, and if they are void as to one of the parties in interest they are void as to all, and this is specially true where the proceedings are void as to one whose land lies between the terminal points of the proposed road.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

Anderson v. Pemberton.

Reversed.

*John J. Cockrell* for appellants.

(1) Private property cannot be taken for public use without just compensation. In so taking it the power must be strictly pursued. Sec. 21, art. 2, Constitution of Mo.; *Leslie v. City of St. Louis*, 47 Mo. 477; *Schaffner v. City of St. Louis*, 31 Mo. 272; *Whitely v. Platte Co.*, 73 Mo. 30. (2) The establishment of a road is an entirety, and if void as to one, it is so as to all. *Brush v. Detroit*, 32 Mich. 43. (3) Where no damages have been assessed to one whose land is taken, the proceeding is void. *State v. Runyon*, 24 N. J. L. [4 Zab.] 256; *State v. Bennett*, 25 N. J. L. [1 Dutch.] 329; *Carpenter v. Grunshaw*, 59 Mo. 247. (4) The road law (section 8, page 159, Acts of 1883), requires the report of a commissioner to be filed in court on or before first day of next term of court. If they act after that date, or file their report after that date, their action and report are void. *Road in Reserve*, Trop. 2 Grant [Pa.] Cases, 204; *Commonwealth v. Great Barrington*, 6 Mass. 492. (5) A parol gift of land accompanied by possession for fourteen or fifteen years, and payment of taxes and making valuable improvements, will vest a title in the donee and constitute him owner of the land. Wood on Frauds, sec. 488, p. 826; *Anderson v. Shockley*, 82 Mo. 250; *West v. Bundy*, 78 Mo. 407.

*Samuel P. Sparks* for respondents.

⟨1 The only question involved in this case is, did the county court acquire jurisdiction to establish the road. *Southerland v. Holmes*, 78 Mo. 399. (2 The forum for the determination of damages primarily was the county court, and appellants having neglected to have that question re-tried there, could not complain of

that upon appeal to the circuit court, nor in this court. Laws 1883, sec. 9, p. 160. (3) [a] The evidence was not sufficient to authorize the court to find that the west half of the southwest quarter of 24, 44, 24, belonged to Mrs. Rose. Proof of a mere promise to give will not be enforced. 1 Parsons on Cont. [5 Ed.] 234; *Spencer v. Vance*, 57 Mo. 249. [b] The county court is only bound to ascertain who is the legal and the record owner. [c] Conceding that Mrs. Rose was the equitable owner, the evidence shows that Mr. M. P. Fisher was the legal and record owner, and in these proceedings the circuit court properly regarded him as the owner within the meaning of the road law. *Vance v. Corrigan*, 78 Mo. 94; *Hunt v. Sack*, 79 Mo. 661. [d] Mrs. Rose, by her husband, was present at the time damages were assessed by the jury, and was present in the county court as a remonstrator, and no suggestion of ownership was made until about the close of the trial on appeal in the circuit court, and then the suggestion was made by appellants in a proceeding in which she was not a party. The court, if it should have considered her the equitable owner, very properly construed her conduct as waiver of her right to damages. *McAuley v. Ry. Co*, 33 Vt. 311; *Ry. Co. v. Karnes*, 101 Ill. 402; Cooley on Const. Limit. 561; High on Injunc.; *Brown v. Worcester*, 13 Gray, 31; *Carpenter v. Grisham*, 59 Mo. 247; *Provolt v. Ry. Co.*, 57 Mo. 256; *Gray v. Ry. Co.*, 81 Mo. 126. The circuit court, after hearing all the evidence, specially found the fact that M. P. Fisher was the owner of the tract, and there was abundant evidence to sustain its finding, which this court will not disturb when there is any evidence to support it. (4) New issues and new parties cannot be injected into the case in the circuit court, although it is tried *de novo*. *Thieman v. Goodnight*, 17 Mo. App. 429. (5) The law does not contemplate the assessment of the damages to the owner *eo nomine*, but to the tract of land itself, and there can be no pretense

but that the jury did consider the damages to the tract. which appellants claim Mrs. Rose owned. Sessions Acts,. 1883, sec. 8, p. 159.

SHERWOOD, J.,—This appeal arises out of proceed-- ings instituted in the county court of Johnson county for the opening of a new road, and those proceedings. were had under the provisions of the act of 1883. Ses- sion Acts, 157.

I. Those provisions require that commissioners be · appointed for the assessment of damages, and that such commissioners make their report on or before the first day of the next regular term of the county court. Those· provisions also require that should the premises of more than one owner or other person interested be included in the same proceedings or order of court, then the damages shall be stated separately, together with the name of each person interested and a specific description of the· property or premises for which such damages are· assessed. There were several owners of the premises in question, and the statutory provisions were not complied. with :

1. The report contained no description of any land.

2. Nor was it filed on or before the first day of the· next regular term of the county court, nor were the com- missioners qualified, nor did they enter on the discharge· of their duties until several days after the term com- menced.

Their appointment had thus become *functus officio*, and had spent its force. If they could enter on the dis- charge of their duties several *days* after they were re- quired by the statute to make report and return in writing showing those duties had been performed, then might they do so several *weeks*, *months*, or *years*, after the statutory designated time. The behests of the law cannot thus lightly be disregarded, the statute must be· followed in these proceedings. And so it has been held.

that where a similar order had expired before its execu-
tion, all subsequent proceedings were unauthorized.
Road in Reserve, etc., 2 Grant Cases [Pa.] 204. And it
was holden, also, in the instance just cited, that the con-
firmation of the report *nunc pro tunc*, would not cure
the prior failure to comply with the law. And this court
has uniformly spoken in no uncertain tones respecting
the exercise of the right of eminent domain, one of the
highest exhibitions of the sovereignty of the state, that
our institutions furnish. Thus, in *Leslie v. St. Louis*,
47 Mo. 477, when discussing this topic, it was very appo-
sitely said: "The power to take private property for
public use without the consent of the owner is in deroga-
tion of the rights of the citizen and can only be justified
on grounds of absolute necessity, * * * and when
exercised must be strictly adhered and complied with.
It is no answer to say that certain things in a given en-
actment, conferring the authority, do not appear to be
essential. Everything is essential which the law has
said should be done before this high prerogative right
can be carried out and enforced." So, also, in *Ellis v.
Railroad*, 51 Mo. 200, when discussing the same point,
it was said: "In this statutory and summary proceed-
ing, this legal *coup de main*, in derogation of common
law and common right, the utmost strictness is required
in order to give validity, and unless upon the face of the
proceedings had, it affirmatively appear that every essen-
tial pre-requisite of the statute conferring the authority
has been fully complied with, every step from inception
to termination will be *coram non judice*." On the same
point see *Whitely v. Platte Co.*, 73 Mo. 30; *Colville v.
Judy, Ib.* 651.

II. Mrs. Rose was the owner of an eighty acre tract
passed over by the proposed road, she and her husband
having lived there for some fourteen years, being placed
in possession by her father under a parol gift, had paid

taxes and made lasting and valuable improvements thereon, and was the equitable owner at least: *Anderson v. Shockley*, 82 Mo. 250; *West v. Bundy*, 78 Mo. 407. And perhaps she might be regarded as the legal owner, owing to the length of time of her confessedly adverse possession, and on the county map the tract appears in her name as owner. Besides, the county road commissioner was informed of the fact of her ownership when he went out to view the land. In such circumstances she ought to have been made a party to the proceedings, and to have had her damages assessed, and in the circuit court, where the trial is under the statute *de novo* (*Jefferson County v. Cowan*, 54 Mo. 234), she had the right to make her ownership known, and to demand that her damages be assessed before her property be taken. *State v. Runyon*, 24 N. J. L. 256; *State v. Bennett*, 25 N. J. L. 329; *Carpenter v. Grisham*, 59 Mo. 247.

III. And it has been ruled that in such proceedings that they are proceedings in entirety, if void as to one of the parties in interest, void as to all. *Brush v. Detroit*, 32 Mich. 43. If this be the true rule, it would certainly find application here, for the land of Mrs. Rose lies between the terminal points of the proposed road, and until her damages are assessed and paid, the road cannot be opened.

The judgment should be reversed. All concur, but Black, J., who dissents.