The City of St. Louis v. Lanigan.

THE CITY OF ST. LOUIS V. LANIGAN *et al.* ; RATZ, *Appellant.*

1.   **Practice in Supreme Court:** WEIGHT OF EVIDENCE.   Unless mistake, fraud, prejudice or passion manifest themselves in the rendition of a verdict, the supreme court will not, in law cases, interfere by weighing the evidence on which the verdict is. founded.

2.   **Condemnation Proceeding:** SETTING ASIDE COMMISSIONERS' REPORT.   The report of the commissioners in a condemnation proceeding to open a street should not be set aside but upon satisfactory grounds, and unless the court is clearly satisfied that the commissioners have erred in the principles upon which they have made their appraisal.

3.   ———: PRACTICE: PRESUMPTION.   Where Patrick McMahon was made a party defendant in a condemnation proceeding to open a street, but was not served with process, nor by publication, and did not appear to the action, and judgment was rendered against him, and the record shows that "Mrs. P. McMahon" entered her voluntary appearance, it will be taken for granted that she was the McMahon mentioned in the petition, writ and judgment, and the real party in interest, nothing to the contrary appearing in the record.

| | |
|---|---|
| 97 | 175 |
| 41a | 502 |
| 97 | 175 |
| 110 | 157 |
| 97 | 175 |
| 118 | 334 |
| 97 | 175 |
| 121 | 41 |
| 97 | 175 |
| 126 | 95 |
| 128 | 293 |
| 97 | 175 |
| 147 | 279 |
| 97 | 175 |
| 91a | 101 |
| 97 | 175 |
| 173 | ²510 |
| 175 | ⁵444 |
| 97a | ⁴320 |
| 97a | ⁴321 |

4. **Jurisdiction of Circuit Court, Presumption in Favor of.** Where the record in a condemnation proceeding is silent as to why the husband of a non-appealing defendant was not a party thereto. or why another, who was made a party thereto, was not served with publication, it will be presumed the circuit court had found it unnecessary to make the one a party, or had otherwise obtained jurisdiction of the other.

5. **Practice in the Supreme Court.** Where one of several defendants in a condemnation proceeding appeals to the supreme court, the case will not be reversed on account of errors committed against non-appealing defendants.

6. **Practice:** JUDGMENT. The rule that a judgment against several defendants for a sum of money is an entirety, and if erroneous as to one is erroneous as to all, has no applicability to cases where the judgment or decree is as to land.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*Walter F. McEntyre* for appellant.

(1) The amount of damages allowed to appellant is inadequate and insufficient compensation for the loss of his property. (2) The circuit court committed error in holding itself "governed in a measure by rules similar to those that govern it in reviewing the verdict of a jury," and that the report should be set "aside only when it clearly appears that it is founded in mistake, fraud or prejudice." *Bridge Co. v. Schaubacher*, 49 Mo. 555; *Bridge Co. v. Ring*, 58 Mo. 491. (3) The judgment should be reversed because it is rendered against Henry Learned and Patrick McMahon, who were made parties defendant, but were before the court neither by service of process, nor publication, nor by entry of appearance. *Smith v. Rollins*, 25 Mo. 408; *Lenox v. Clark*, 52 Mo. 115; *County v. Harmon*, 59 Mo. 165. (4) The judgment is erroneous and should be reversed because the petition shows on its face that the defendant Anna M.

O'Fallon is a married woman and the wife of James J. O'Fallon, who was not made a party. Charter of St. Louis, art. 6, sec. 2; 2 R. S., 1879, p. 1606.

*Leverett Bell, W. F. Broadhead* and *Alex. Martin* for respondent.

(1) So long as the court had jurisdiction of the lands and of the owners by service, it is immaterial that parties not interested were left out or superfluously included. This fact would not impeach the judgment of condemnation, which operates on the land alone, and imposes no obligation *in personam* on the parties. *Williams v. Hudson,* 93 Mo. 524; *Hagerman v. Sutton,* 91 Mo. 519; *Hoskinson v. Adkins,* 77 Mo. 573; *Vonschrader v. Taylor,* 7 Mo. App. 361; *Voorhis v. Gamble,* 6 Mo. App. 1; *Mead v. Brown,* 65 Mo. 552. (2) The report of the commissioners is not against the evidence.

SHERWOOD, J.—This proceeding was instituted in the circuit court of St. Louis city for the purpose of extending and opening High street, which is numerically Twelfth street, 'from Lucas avenue to Franklin avenue. As might be readily suspected by those acquainted with the city of St. Louis in that locality, the opening of the street there involved the property rights and interests of a large number of defendant owners, and the record in consequence is very voluminous.

On the coming in of the report of the commissioners, three of the land-owners excepted. All of them, however, abandoned the contest as to the insufficiency of the damages awarded each of them, but Peter Ratz, who brings this cause here by appeal, alleging, as in the court below, the insufficiency of the damages awarded him. The exceptions came on to be

heard ; the court heard testimony, and after carefully considering the same, overruled the exceptions and confirmed the report of the commissioners.

I.   The complaint made here is, that the order of the court overruling defendant's exceptions "is against the weight of evidence."   It has been established by a long line of decisions, so numerous as not to require their citation, that in law cases, aside from those where mistake, fraud, prejudice or passion manifest themselves in the rendition of a verdict, that this court will not interfere by weighing the evidence on which the verdict is founded.   Obviously, the same rule must obtain in all other law cases.   The court below has advantages which this court does not possess, and cannot possess, in relation to the demeanor of witnesses who testify respecting the litigated matter.   Even in equity cases, we defer somewhat to the views of the trial court.

Besides, in cases of the sort now under consideration, it is to be observed that the judgment of the commissioners is not formed exclusively upon evidence submitted to them ; they are required to view the premises, and they have the advantage of an actual personal inspection ; and they are to be guided to some extent by that.   Selected because of their capacity and fitness for the position they are called upon to fill ; required to be disinterested ; sworn to a faithful discharge of the duties imposed upon them, their report should not be set aside but upon satisfactory grounds ; the testimony of witnesses as to value, whether heard before the commissioners, or subsequently, by the court on exceptions filed, though entitled to due consideration, is not controlling ; and "unless the court is clearly satisfied that they have erred in the principles upon which they have made their appraisal, there is nothing for review and their report should not be disturbed."   *Railroad v. Richardson*, 45 Mo. 466 ; *Railroad v. Campbell*, 62 Mo. 585.   Reading the testimony in this cause, in the light

The City of St. Louis v. Lanigan.

of the authorities cited, no reason is seen calling upon
this court to differ from the conclusion reached by the
trial court as to the merits.

II.   But it is urged that the judgment herein should
be reversed because rendered against Henry Leamed and
Patrick McMahon, who were parties defendant, but who
were not served with process, nor by publication, nor
did they enter appearance to the action ; and the pro-
ceedings were never dismissed as to them, and that it
should also be reversed, because though Anna M.
O'Fallon was duly served with process, yet that she is
described as the wife of James J. O'Fallon, and the
latter was not made a party.   In relation to Patrick
McMahon, the record shows that " Mrs. P. McMahon "
entered *her* voluntary appearance to the action, and in
absence of aught to the contrary in the record appearing,
it must be taken for granted that she was the McMahon
mentioned in the petition, writ and judgment, and the
real party in interest.

Now, as to Henry Leamed, mentioned as the hus-
band of Mary C. Leamed, and James J. O'Fallon.   Reg-
ularly, the husband of a wife, proceeded against in
actions of this character, should be made party defend-
ant and should be served with process.   Anna M.
O'Fallon was served with process and Mary C. Leamed
by publication.   Why it was James J. O'Fallon was not
made a party to the suit, and why Henry Leamed was not
served by publication, is a matter on which the record is
silent.   In such circumstances it will be presumed that
the circuit court obeyed the rules of law ; had acquired
jurisdiction as to Henry Leamed in some appropriate
way, and had found it unnecessary to bring in James
J. O'Fallon.   If the latter was resident abroad, this fact
would obviate any necessity for making him a party,
and allow his wife to be proceeded against as a *feme
sole.   Musick v. Dodson*,, 76 Mo. 624, and cas. cit.   No
rule is better established than that, in order to convict a

court of general jurisdiction of error, the error complained of must be made to appear; for it will not be presumed. Indeed, every presumption faces the other way. *Huxley v. Harrold*, 62 Mo. 516; *Gates v. Tusten*, 89 Mo. 13; *Schad v. Sharp*, 95 Mo. 573. "Nothing should be intended to be out of the jurisdiction of a superior court, but that. which specially appears to be so." *Schad v. Sharp, supra.* Such courts proceed by right and not by wrong, and the presumption that they do so will attend their acts and doings even in causes coming up to this court on error or appeal. *Blair v. Railroad*, 89 Mo. 383.

But this court will not lend a very attentive ear to such complaints on the part of the present defendant. He is not injured by any of the matters mentioned, and he has no right to the reversal of a judgment for errors which do not affect him. *Papin v. Massey*, 27 Mo. 445; *Mead v. Brown*, 65 Mo. 552. Our statute forbids this court to "reverse the judgment of any court unless it shall believe that error was committed by such court *against the appellant or plaintiff in error*, and materially affecting the merits of the action. Another statute commands us to "disregard any error or defect in the pleadings and proceedings which shall not affect the substantial rights of the *adverse party.*" Whatever wrongs Leamed, O'Fallon and McMahon may suffer will not affect the rights of the complaining defendant in this cause. Moreover, those cases which hold that a judgment against several defendants for a sum of *money* is an entirety, and if erroneous as to one is erroneous as to all, have no applicability to cases where the judgment or decree is as *to land. Enos v. Capps*, 12 Ill. 255; *Dickerson v. Chrisman*, 28 Mo. 134. And, furthermore, this court will not reverse a judgment in a case of this kind on an empty technicality such as now urged here. *Copeland v. Yoakum*, 38 Mo. 350.

Holding thus, we affirm the judgment. All concur.