STATE OF MISSOURI, Respondent, v. MICHAEL FARRELLY, Appellant.

St. Louis Court of Appeals, May 14, 1889.

1. **Criminal Law :** OBSTRUCTING PUBLIC ROAD. Upon a petition to establish a new public road, the county court has no authority to change the boundaries of an old road which has been used as a public road for about twenty years, without a showing that the establishment of the old road was legally invalid. Its act in so doing is *ultra vires* and void ; and a person who places his fence so as to conform to the old lines, but so as to occupy a part of the attempted new roadway, is not liable to criminal prosecution on the charge of obstructing a public road.

2. **Eminent Domain :** RIGHTS OF THE CITIZEN. The exercise of the right of eminent domain is in derogation of the rights of the citizen, and is justifiable only on the ground of necessity. When exercised, the statute conferring it must be strictly adhered to.

*Appeal from the Monroe Circuit Court.*—HON. THOMAS H. BACON, Judge.

REVERSED ( *and the defendant discharged* ).

*Rodes, Waller & Rodes* and *Bristow & Lighter*, for the appellant.

The county court of Monroe county, Missouri, in April or May, 1867, established a public road along the section line by an order and judgment of said court, upon a petition and application therefor, and having once exercised its power it had no further power to establish another road on the same line. The lines of the old road might be changed by said court, but it could do no more. Its power had already been exercised and exhausted, and its former order and judgment concluded it, and its every step in the matter of said new road was *ultra vires* and void. 1 Herman on Estop., pp. 518–525, secs. 436, 437, 439 and 440. The order of the said county court, made when said petition was presented, fails to recite the facts, and make the findings necessary to entitle said court to exercise jurisdiction of the cause. *Railroad v. Young*, 8 S. W. Rep. 776 (Mo. case); *Whitely v. Platte County*, 73 Mo. 32. The court erred in admitting in evidence, against appellant's objection, the order of the county court establishing said road and other orders and proceedings in said road matter, because said orders were void by reason of said court having no jurisdiction of the cause, and for the further reason that said order, so establishing said road, was fatally defective in failing to recite upon what lands the road was located, and the width thereof. *Wilson v. Berkstressey*, 45 Mo. 285; *Snoddy v. County of Pettis*, 45 Mo. 364.

*R. N. Bodine*, for the respondent

It is not true that any road had ever been established by the county court calling for the section line. The order, establishing the road in 1867, makes no such call. Besides, inasmuch as the same proceedings are necessary in widening the road, as in establishing a new

road, and as the order establishing this road had the
effect only to widen the old road, it would seem that the
proceedings are as valid as if the petition had been to
widen the old road.   But it does not lie in the mouth of
the defendant to object that the state had already
acquired title to the land sought to be condemned.   It
is submitted that all the defects alleged by defendant to
exist in the record of the proceeding of the county
court are, at least with one exception, plainly mere
informalities that can not be taken advantage of in a
collateral proceeding, as they are not jurisdictional
defects.    *Walker v. Lykins*, 20 Mo. 298; *Dougherty v.
Brown*, 91 Mo. 26; *Sutherland v. Holmes*, 78 Mo. 399.
County courts are constitutional courts, so made for the
first time in the constitution of 1875, by which they are
also for the first time made courts of record.   The same
presumptions exist in favor of their proceedings as of
any other court of record.   Besides, I contend that it is
the allegations of the petition that, when due notice
has been given, confer jurisdiction upon the court, and
that, having once acquired jurisdiction, it was not
necessary that the court should find the facts upon which
its jurisdiction rests ; that county courts being consti-
tutional courts, and courts of record, the same intend-
ments when jurisdiction has been once acquired exist
as to the validity of their subsequent proceedings as
those of other courts.   That when due notice has been
given, it is the allegations of the petition that confer
jurisdiction.   *Colville v. Judy*, 73 Mo. 653 ; *St. Louis v.
Gleason*, 92 Mo. 35.

ROMBAUER, P. J., delivered the opinion of the
court.

An information was filed against the defendant by
the prosecuting attorney of Monroe county, based upon
the affidavit of G. W. Sterrett, as prosecuting witness,
charging the defendant with unlawfully obstructing a

certain public road, by then and there building a fence therein to the great hindrance and inconvenience of the citizens. Upon this information the defendant was tried, found guilty, and sentenced to pay a fine of twenty-five dollars.

The defendant appealing has assigned numerous errors which we need not notice in detail as we must conclude upon a careful examination of the record, that under the conceded facts the conviction was unwarranted.

There is no dispute concerning the following facts: More than twenty years anterior to this prosecution there was a lane known as Crawford's lane, dividing sections 28 and 33 as shown on the map hereto annexed, leading westwardly from the Florida and Mexico road. The centre line of this lane was supposed to be the dividing line between sections 28 and 33. In 1867, the county court, upon petition, established a public road along this lane, and the fences of the owners in sections 28 and 33 were supposed to be set along the southern and northern boundaries of the road thus established.

In April, 1886, G. W. Sterrett, the owner of section 28, began to circulate a petition to the county court, praying for the establishment of a public road, commencing at the Florida and Mexico road, at the southeast corner of section 28 and the northeast corner of section 33, running west one mile, and ending at the corner stone of sections 28 and 33.

It will be thus seen that, assuming that the former claim that the center of Crawford's lane and the old public road was the true dividing line between sections 28 and 33, the new road to be established occupied the exact territory of the road already established; and, assuming that the said line was not the true dividing line, the object of the petition was not to establish a new public road, but to change its boundaries in some

The State v. Farrelly.

particulars, so as to give better accommodation to the traveling public, and in the main for the benefit of Sterrett. This condition of things is made palpable by the following diagram·

The boundaries of the old road, formerly Crawford's lane, are shown by heavy lines, and the boundaries of the road sought to be established in 1886, by dotted lines ; the junction of the old road with the Florida and Mexico road being at points A. A., and that of the new road at points B. B. The offense of Farrelly consists of re-erecting his fence along the southern boundary of the old road between points C. C.

These being conceded facts, we have no hesitation to say that the county court could not in 1886, upon a petition to establish a new road, change the boundaries of the old, without a showing that the establishment of the old road in 1867 was legally invalid. Of such showing there is no pretense in the evidence. Its judgment, in 1886, was therefore *ultra vires* and void, regardless of other informalities in the proceeding. Herman on Estoppel, secs. 438, 439, 440.

The counsel for the state claims, that since the court had unquestioned jurisdiction to change or widen a road, even if already established, and since the proceedings for that purpose under section 6935, Revised Statutes, are the same as for establishing a new road, this objection is wholly without merit. We think otherwise. The county court can obtain jurisdiction only by virtue of the petition, and can no more obtain jurisdiction to change a road under a petition for establishing a new road than it could for establishing a new road under a petition to widen one which has no legal existence. *Non constat*, but the twelve householders, whose signatures are an essential prerequisite, may have signed this petition upon the faith of the fact, that no legal road did exist at the point indicated, a fact which the petition necessarily implies, and would have declined to sign it, if advised that the contemplated proceeding was the mere change of the boundaries of a legal road, and an incidental change of a disputed boundary line, between abutting proprietors.

The right of the exercise of eminent domain being in derogation of the rights of the citizen can be justified only on the ground of necessity, and when exercised, the statute conferring the right must be strictly adhered to and complied with. *Leslie v. St. Louis*, 47 Mo. 474.

It results from the foregoing, that the judgment must be reversed, and the defendant discharged. It is so ordered. All the judges concur.