KANSAS CITY, FORT SCOTT AND SOUTHERN RAILWAY
COMPANY, Appellant, v. BENJAMIN F. COX,
Respondent.

Kansas City Court of Appeals, May 19, 1890.

1.   **Condemnation Proceedings:** JURY TO ASSESS DAMAGES : NEW
APPRAISEMENT : EXCEPTIONS.   Notwithstanding the statute in
regard to condemnation proceedings, the constitution provides for
the trial by jury in such cases and such right is absolute on
demand and does not depend on the court's ordering a new
appraisement.   Demand for a jury is no part of the exceptions to
the action of the commissioners, but may be made orally ·to the
court as in ordinary cases.

2.   ———— : VERDICT : SETTING ASIDE REPORT.   The verdict of a jury on
exceptions to the report, *ipso facto*, annuls or sets aside the award
of the commissioners.   Action on the report is not a prerequisite
to a jury trial.

3.   ———— : WAIVER OF JURY : RULE APPLICABLE.   It would seem the
land-owner would by the waiver of a jury elect to have the action
of the commissioners tested under the rules governing the reports
of commissioners as expounded in this state and elsewhere.

*Appeal from the Jasper Circuit Court.*—Hon. M. G. McGregor, Judge.

Affirmed.

*John W. North* and *Adiel Sherwood*, for appellant.

(1) The court erred in refusing to hear the evidence offered by plaintiff to show that the report of the commissioners was just and true and that the damages assessed were adequate and sufficient. R. S. 1879, sec. 896; *Railroad v. Probate Judge*, 14 Am. & Eng. R. R. Cases, 355; *Railroad v. Voorhees*, 14 Am. & Eng. R. R. Cases, 227; *Bridge Co. v. Ring*, 58 Mo., *loc. cit.* 494. (2) The court erred in calling a jury to fix the amount of damages defendant had sustained without first having set aside the report of the commissioners. As the record stands, the award of the commissioners is in full force and effect. The court below had no jurisdiction when it proceeded with a trial by jury. The report of the commissioners must be vacated and set aside before a trial by jury can be ordered. *Railroad v. Ridge*, 57 Mo. 599.

*Thomas & Hackney*, for respondent.

(1) The defendant was entitled to a jury of twelve men to try his exceptions to the report of the commissioners, and to assess his damages, and, on his demanding a jury, the court properly refused to hear the testimony offered by plaintiff to the court without a jury that the award was just and reasonable. *Railroad v. Story*, 96 Mo. 620. The fact that defendant had been denied a jury to assess his damages in the first instance was in itself "good cause shown" to authorize the court to sustain the exceptions, and order the defendant's damages to be assessed by a jury. *Railroad v. Almeroth*, 13 Mo. App. 98. (2) The statement in

appellant's brief that, "as the record now stands, the award of the commissioners is in full force and effect" is incorrect. Had counsel for appellant examined the record entries made below on the trial, they would have discovered their error. The court simply tried the exceptions to the report, and the assessment of the damages as one case. On the return of the verdict of the jury finding the issues in favor of defendant, and assessing his damages at nine hundred and fifty dollars, the court entered judgment sustaining the exceptions vacating the report of the commissioners, and also rendered judgment against plaintiff for the damages assessed by the jury. Since the decision of the supreme court in *Railroad v. Story*, reported in 96 Mo. 620, this is the proper practice.

ELLISON, J.—This is a proceeding to condemn defendant's lands in Newton county for railway purposes. Three commissioners were appointed by the circuit judge. They made their report on October 12, 1887, and an award of $277.33. Exceptions to this report embodying objections to the amount of defendant's damages were filed, and a change of venue granted to Lawrence county from whence it was transferred to Jasper county by consent. When the case was called for trial on the exceptions the defendant demanded a jury; whereupon the railway company offered to introduce testimony to the court without a jury to show that the award was just and reasonable and ought not to be disturbed, which offer was refused and the company excepted. The court then granted defendant's demand and impaneled a jury; to which action the company excepted. The issue made by the exceptions was tried by a jury and a verdict had for defendant fixing his damages at nine hundred and fifty dollars. The court thereupon rendered judgment vacating the award of the commissioners and for the amount of damages so found by the jury.

I.   Plaintiff's contention here is that the court should not have acceded to defendant's demand for a jury until it first set aside the report of the commissioners for good cause shown by testimony as provided in section 896, Revised Statutes, 1879 ; and section 2738, Revised Statutes, 1889.   This point is expressly ruled against plaintiff in the case of *Kansas City, C. & S. Ry. Co. v. Story*, 96 Mo. 611, where it is held, in an opinion by SHERWOOD, J., that, notwithstanding the statute, the constitution, section 4, article 12, provides for the trial by jury in such cases ; that such right is absolute on demand and does not depend upon the court ordering a new appraisement.   But it is urged that in order to obtain this privilege, the defendant must have made the demand for a jury a part of his exceptions which he filed to the report.   We think not.   He may make his demand orally to the court as in ordinary actions before entering on the trial.   The right to demand a jury is no part of the exceptions which are taken to the action of the commissioners.   It results from the exceptions, but is not a part of them.

II.   In our opinion the verdict of a jury on exceptions to the report, *ipso facto*, annuls or sets aside the award of the commissioners.   The constitutional right to a jury is complete without regard to any action of the court on the report and may be enforced in the face of the approval of the report.   Action on the report is, therefore, not a prerequisite to a trial by jury.

III.   It may not be necessary to say what the rule would be in case of exceptions where a jury was waived but as counsel has cited us to the case of *City of St. Louis v. Lanigan*, 97 Mo. 175, we will state ( though it is not necessary to so decide in this case ) that in such case it would seem the land-owner would by the waiver elect to have the action of the commissioners tested under the rules governing the reports of commissioners, as expounded in this state and elsewhere.   That is to say, if they have been properly instructed, and have not

erred the principles upon which they have made their appraisal, and have been guilty of no misconduct, the amount named by them will not be disturbed, notwithstanding witnesses may testify to a greater sum. *City of St. Louis v. Lanigan, supra*, and cases cited ; *City of Kansas v. Street*, 36 Mo. App. 666.

The judgment will be affirmed.