REDPATH BROTHERS, Appellants, v. LAWRENCE, MANNING & CUSHING, Respondents.

Kansas City Court of Appeals, March 7, 1892.

1. **Evidence:** FORMER APPEAL. Where the action of the trial court in excluding evidence is in conformity with the opinion of the appellate court on a former appeal, the question is settled.

2. **Evidence :** FRAUDULENT STATEMENTS OF VENDEE : KNOWLEDGE OF THIRD PARTIES. Though the statements of a vendee to his vendor may be evidence of his fraudulent purpose, yet they would not tend to prove fraud on the part of a third person unless such third person had knowledge thereof.

3. **Fraud, Proof of :** INSTRUCTION. An instruction advising the jury that fraud must be proved, and not guessed at or found on mere suspicion, that honest motives are presumed, and before the contrary is found there must be proof thereof, is approved.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*A. E. Vinsonhaler* and *S. R. Beech,* for appellants.

(1) The exclusion of plaintiffs' letter of inquiry to defendants concerning Daggett's solvency, and their answer thereto, is admissible as part of the *res gestæ* (Greenl. Ev. [12 Ed.—Redfield's] secs. 108–112), and contradicts the allegation and evidence of defendants as to their ignorance of Redpath's claim. *Schradski v. Albright,* 93 Mo. 42–48 ; *Traynick v. Keeble,* 8 S. Rep. (Ala.) 573 ; Bishop on Contracts, sec. 642 ; Bigelow on Fraud, p. 410, and cases cited. For "every detail, however minute, should be spread before the triers of the facts." *Bank v. Crandall,* 87 Mo. 208. Manning knew that Daggett was insolvent under the definition in *Leedom v. Furniture Co.,* 38 Mo. App. 425, top of page 430 ; *Clark v. Whittaker,* 48 Am. Dec. 160 ; *Cannefax v. Chapman,* 7 Mo. 175 ; *Warnick v. Baker,* 42 Mo. App. 439. (2) The court erred in excluding by instruction, numbered 1, for defendants, the evidence of Evans as to Daggett's fraudulent statements. *Leedom v. Furniture Co.,* 38 Mo. App. 425 ; *Richards v. Vaccaro,* 19 Am. State Rep. 322 ; *Thomas v. Fraleigh,* 9 Mo. App. 151 ; *Elsass v. Harrington,* 28 Mo. App. 300–305. (3) The court erred in declaring in defendants' instruction, numbered 3, that fraud cannot be inferred. *State to use v.*

*Estell,* 6 Mo. App. 6; *Van Raalte v. Harrington,* 101 Mo. 602.

*William Ellison,* for respondents.

Every question presented on this appeal was passed on when the case was here before. The opinion delivered by SMITH, P. J. (42 Mo. App. 106), was thorough in its analysis, and covered all the points raised. The questions presented are *res adjudicata. Rice v. McFarland,* 41 Mo. App. 490.

GILL, J.—At the first trial of this cause in the circuit court, plaintiffs had judgment, and defendants by an appeal to this court secured a reversal. On a second trial in the court below, and on the same evidence as before, a verdict was returned and judgment entered for defendants, and the case is now here on an appeal by plaintiffs. For a full understanding of the controversy, we now refer to 42 Mo. App. 101.

I. The first matter of complaint relates to the action of the trial court in excluding a certain letter of plaintiffs to defendants, of date December, 1887, and answer thereto by defendants. Of this point it is now sufficient to say, that this ruling of the circuit court was in conformity with our opinion when the cause was here before, and we must, therefore, regard the question settled so far as concerns this case. *Rice v. McFarland,* 41 Mo. App. 499.

II. We discover no just reason to condemn defendants' first instruction. The plaintiff's case was predicated on both the fraudulent conduct, intent and declarations of their vendor, Daggett, when he bought their goods, and the knowledge, or reasonable means of knowledge, thereof, chargeable to defendants. Now, while the statements relating to his solvency, which were made by Daggett when he secured the plaintiffs' goods, were properly evidence as to his fraudulent purposes, yet such statements would not tend to prove

fraud on the part of the defendants, unless they had knowledge of such representations.

III. Defendants' instruction, numbered 2, has already secured the sanction of this court in this identical case, and, hence, is no matter of error now.

IV. Neither do we detect any substantial objection to defendants' third instruction. It simply advised the jury that fraud must be proved, and not guessed at or found on the mere suspicion of the jury; that honest motives are presumed; and that before the contrary is found there must be proof thereof by "the evidence, facts or circumstances of the case."

The issues here were fairly submitted, and the judgment must stand. Judgment affirmed.