In re Essex Avenue; Hughes *et al.* v. Mermod *et al.*, *Appellants*.

### Division Two, March 13, 1894.

1. **Road:** WIDTH: PETITION. The county court may establish a road thirty feet wide, though the petition asks for one sixty feet wide.

2. ———: DAMAGES: JURY TRIAL: WAIVER. The right of property owners to a jury of twelve men in the county court on the issue of the amount of damages caused by the establishment of the road is waived by an appeal by them from the judgment of such court on a verdict of six men to the circuit court, where on a trial *de novo* they waived their right to a jury.

3. **Proceedings to Establish Road, Validity of.** Proceedings to establish a road are not rendered illegal by the failure of an owner of land to release it, when he has previously conveyed it to the town for a road, and he does not object to its use by the county.

In re Essex Avenue.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*H. J. Cantwell* and *Albert N. Edwards* for appellants.

(1) The judgment is erroneous, and the circuit court erred in overruling the motion in arrest of judgment because, upon a road being marked out and surveyed, as prayed for in a petition, to establish a public road, and an assessment of benefits and damages occasioned by the establishment of such road made pursuant to the order of the court, a part only of such road can not be established as a public highway. *Damrell v. Board*, 40 Cal. 154; *Brannan v. Mecklenburg*, 49 Cal. 672; *Robinson v. Logan*, 31 Ohio St. 466; *People v. Township Board*, 12 Mich. 434; *State v. Farrelly*, 36 Mo. App. 282; *Pompeny v. Danan*, 6 Mo. App. 573; *In re Petition of Gardner*, 41 Mo. App. 589. (2) The county court had no jurisdiction for road purposes over any part of Kirkwood (*State ex rel. v. Heege*, 39 Mo. App. 49); and a judgment establishing a road based upon jurisdictional steps, taken with reference to a proposed road, one-half of it lying within Kirkwood, is error. See *State v. Reynolds*, 61 Mo. 203. (3) The court erred in not declaring the judgment of the county court void, because of the denial in said court of the right to a trial by a jury of the issues made as to the jurisdictional facts. Constitution of Missouri, art. 2. sec. 28; Territorial Laws (Mo.) 1804–10, p. 51; *Vaughan v. Scade*, 30 Mo. 600; *Bank v. Anderson*, 1 Mo. 244; *Railroad v. Lackland*, 25 Mo. 515; *City of Hopkins v. Railroad*, 79 Mo. 98; *Merrill v. St. Louis*, 83 Mo. 252; *Callan v. Wilson*, 127 U. S.

540; *Railroad v. Cox*, 41 Mo. App. 499; *Hutten v. Haimes*, 68 Iowa, 654. (4) The judgment is erroneous and the court erred in overruling motion in arrest, because the record failed to disclose the following necessary jurisdictional facts: *First.* That the road established is of public utility. *Second.* That any assessment of the damages occasioned by the road established was ordered or made; and the record shows no identification of the land on which damages occasioned by the road petitioned for were assessed and ordered to be assessed. *Third.* That the owners of the land over which the road petitioned for ran, relinquished the right of way or that their damages were assessed. R. S. 1889, secs. 7798, 7799; *Railroad v. Young*, 96 Mo. 39; *Anderson v. Pemberton*, 89 Mo. 61; *St. Louis v. Gleason*, 15 Mo. App. 25; *St. Louis v. Gleason*, 93 Mo. 33; *State ex rel. v. Gill*, 84 Mo. 248; *Courtney v. Shea*, 38 Mo. App. 290.

*John R. Warfield* for respondents.

BURGESS, J.—Respondents presented their petition to the county court of St. Louis county to establish a county road, sixty feet wide, conjointly with the town of Kirkwood, on the dividing line between said town and said county, one-half of said road, being thirty feet wide, being within said town, and a similar width in said county. The court made an order of record ordering the commissioner of roads and bridges to view, survey and mark out said road, and take relinquishments and make report thereof at the next ensuing term. On receiving the report of the commissioner, the county court appointed commissioners to assess the damages, who made their report, and the appellants filed their exceptions thereto, which being overruled, a trial was had before a jury of six men as

to the amount of damages sustained by appellants. The verdict of the jury was adverse to them.

The court then made an order opening the road thirty feet wide, outside of the corporate limits of Kirkwood, stating in its order that the other part of the road lying in said town had been opened up as a public road by the authorities thereof. Appellants then perfected their appeal to the circuit court of St. Louis county, where, upon a trial anew before the court, a jury being waived, the court found that appellants would sustain no damages by reason of the location and opening of said road, and in all things affirmed the order and judgment of the county court. From the judgment of the circuit court appellants appealed to the St. Louis court of appeals, and from that court the case was certified to this.

It is insisted that the judgment is erroneous, and that the court below erred in overruling the motion of appellants in arrest of judgment, because, as the road was marked out and surveyed as prayed for in the petition, and an assessment of benefits and damages occasioned by its establishment was had in pursuance of the order of the court a part only of such road could not therefore be established as a highway. It may be conceded that where a road is petitioned for between certain points, a county court has no power or authority to establish it for a part of the distance only. *Brannan v. Mecklenburg*, 49 Cal. 672; *Robinson v. Logan*, 31 Ohio St. 466; *People ex rel. v. Township Board*, 12 Mich. 434. The whole road must be laid out or no part of it. And where a public road is established by legal proceedings then its boundaries should be such as conform to the petition and order ordering it to be established and opened. The road petitioned for in this case was to be sixty feet in width, while, as established by the county court, its width is only thirty feet.

Section 7793, Revised Statutes, 1889, reads as follows: "All public roads shall be not less than thirty nor more than sixty feet wide, to be determined by the county court according to the utility and necessity of such road." It will thus be seen that by the terms of the statute it is left discretionary with the court as to what width the road shall be, so that it is not less than thirty nor more than sixty feet. A county court has no power to establish a county road more than sixty feet in width, nor less than thirty, but may establish a road at any width, that it may, in the exercise of its discretion, see proper, between the two; and this it may do although the petition is for a road sixty feet in width.

It might not be practicable to establish a road just the number of feet in width petitioned for, and it can not be said under such circumstances that no road of any kind can be established. We are unable to see how appellants are injured by the establishment of a road of a less number of feet in width than that petitioned for. If it were for a greater number of feet, or the route were changed, it would be quite different, as in such case the county court would have no jurisdiction. The width of the road is to be determined by the county court according to its utility and the necessity for it. The order and judgment of the county court establishing the road was affirmed by the circuit court, and the road again adjudged to be of public utility.

Section 7796 provides that a petition for a new road shall specify the proposed beginning, course and termination thereof, but does not require that the proposed width shall be stated, and while the petition in this case does state the proposed width, it was not a jurisdictional fact (*In re Petition of Gardner*, 41 Mo. App. 589), and might well have been disregarded, as

the law fixes the width at which all public roads shall be established. The petitioners had no power to fix the width of the road, that matter being within the discretion of the county court as prescribed by statute, and the cases of *State v. Farrelly*, 36 Mo. App. 282; and *State ex rel. v. Heege*, 39 Mo. App. 49, do not announce a contrary rule.

While the court had no jurisdiction of that portion of the road petitioned for which lies within the corporate limits of Kirkwood, it did have of the other part, and its orders in locating and establishing same were within the scope of its jurisdictional power.

Another contention is that the circuit court erred in not declaring the judgment of the county court void, because of the denial by the county court of the demand by appellants of a jury composed of twelve, instead of six men, to pass upon the issues to be submitted to them with respect of the compensation, if anything, to be paid appellants by way of damages for establishing the road over their lands. Whatever may have been their rights in this respect, they were waived by their appeal to the circuit court, where, on a trial anew, they were entitled to a trial before a jury but waived it and tried the cause before the court. They had the unquestionable right to demand in the circuit court a trial by jury, with respect of the damages, but as they waived it, the case should not be reversed because that right was not accorded them by the county court. Section 7801, Revised Statutes, 1889, expressly provides that in all cases of appeals being allowed from the judgment of the county court, assessing damages, or for opening or vacating any road, the circuit court shall be possessed of the cause, and shall proceed to hear and determine the same anew. *In the Matter of Jefferson County v. Cowan*, 54 Mo. 234.

It is only in cases where the right to a jury has

not been waived, and where the appeal lies and is taken directly from the court where the right was denied to this or the courts of appeal that a case will be reversed upon that ground. All of the decisions cited by counsel for appellants in their brief on this point are of that character. *Vaughn v. Scade*, 30 Mo. 600; *City of Hopkins v. Railroad*, 79 Mo. 98; *Merrill v. City of St. Louis*, 83 Mo. 244; *Bank v. Anderson*, 1 Mo. 244; *Railroad v. Cox*, 41 Mo. App. 499.

That the constitutional right of trial by jury may be waived, and was waived in this case, see *Merrill v. City of St. Louis*, 83 Mo. 244.

A further contention is that the motion in arrest should have been sustained because the record fails to show that the road established is of public utility, that any assessment of damages was had, or that the appellants relinquished the right of way. The case was tried upon an agreed statement of facts concerning all the questions involved.

The following declaration of law was given at the instance of appellants:

"The court must, on appeal from the county court in these proceedings, try the case anew and can try no other issue as to the benefits and damages than the issue to the benefits and damages occasioned by the opening of the road described in the petition and marked out by the road commissioner."

The record shows that under the instructions, the court sitting as a jury, found for the petitioners, said J. A. Hughes *et al.* Then follow the finding and judgment of the court, that the road is of public utility, and in all things affirm the orders and judgment of the county court ordering its establishment.

The road commissioner reported that a part of the land over which the road was petitioned for, was a strip of land thirty feet wide, which had belonged to

one Pearce, who had theretofore conveyed it to the town of Kirkwood for a public road, but who expressed a willingness to relinquish his right thereto for the purposes of the road in controversy. It is now contended that under the rulings of this court in *Anderson v. Pemberton*, 89 Mo. 61, the failure to obtain Pearce's release vitiates the entire proceedings. Pearce is not complaining, and may never do so, and, as he expressed a willingness to relinquish his right to the ground, and as the town could only hold the land for the purpose expressed in the deed, the conveyance should be regarded as a dedication of the land for a public road, and as a relinquishment by the grantor of any claim to the land or damages thereto so long as it may be used for the purposes expressed in the deed. It makes no difference that the deed was to the town of Kirkwood.

In *Anderson v. Pemberton, supra*, Mrs. Rose was the owner of eighty acres of land through which the road ran. She did not relinquish the right of way, nor were her damages assessed, and her application to be made a party to the proceedings was denied. This court correctly held that the proceedings were an entirety and as they were void as to her because she was not made a party, they were void as to all.

While it is true in statutory and summary proceedings like this, which are in derogation of the common law and of common right, the utmost strictness is required in order to give validity, and, unless from the face of the proceedings had, it affirmatively appears that every essential prerequisite of the statute conferring the authority has been fully complied with, the entire proceedings will be null and void, yet every provision of the law seems to have been strictly complied with in this case, and we think the judgment should be affirmed. It is so ordered. All of this division concur.