Golahar *v.* Gates.

———————

GOLAHAR, Plaintiff in Error, *vs.* GATES, Defendant in Error.

1. A party who is prosecuted, (under sections 59 and 60 of article one of the act concerning roads and highways, R. C. 1845,) for obstructing a public way over his own land, may show that his property has not been condemned for public use in the manner prescribed by law.

### Error to Moniteau Circuit Court.

This was an action commenced before a justice of the peace in Morgan county, by Golahar, road overseer, to the use of his road district, against Gates, to recover the statutory penalty for obstructing a county road. The cause was taken by appeal to the Circuit Court, and afterwards, by change of venue, to the Circuit Court of Moniteau county.

At the trial, the plaintiff read in evidence a transcript of the record of proceedings in the Morgan county court, at the May term, 1850, consisting of the report of the commissioners appointed at a previous term to view and locate the road, together with the approval thereof by the court and the order for the establishment of the road. The commissioners, in their report, after designating the route of the road, state that it "probably touches on the corner of Gates' land. If it runs over any of Mr. Gates' land, which we do not know that it does, we did not · obtain said Gates' consent." The record states that the report " was read in open court, and no objections being made in a legal form, said report was approved and ordered to be recorded, and said road be declared a public route and highway, and that it be opened twenty feet wide as the law directs." The clerk of the county court testified that the defendant was present when the commissioners made their report, and objected to the establishment of the road, but the court overruled his objections and he excepted. There was evidence that the road, as opened, ran through defendant's land, and that he closed the same up by building a rail fence across it.

The court instructed the jury that the defendant, in this action, was liable, if the road was established by the judgment of the Morgan county court, without regard to any informality or irregularity in the proceedings, and refused a contrary instruction. After a verdict and judgment for the plaintiff, the defendant prosecuted this writ of error.

*Edwards & Parsons*, for plaintiff in error, relied upon *Cooper County* v. *Geyer*, (19 Mo. Rep.)

SCOTT, Judge, delivered the opinion of the court.

Golahar, as road overseer, instituted this proceeding in a justice's court against Gates, under the 59th and 60th *sections* of the act concerning roads and highways, approved 26th March, 1845, for obstructing a highway. The cause was taken by appeal to the Circuit Court, where, on a trial, there was a judgment against Gates, on which he sued out this writ of error.

1. Although, on an indictment against a road overseer, it is sufficient to show that the road, whose want of repair has caused the prosecution, is used as a public highway, yet, when an individual is prosecuted for obstructing a public way over his own land, it is competent for him to show that his property has not been condemned for public use in the manner prescribed by law. It is the doctrine of this court that, if the rights of any person are compromised by any proceedings to which he is no party, and of which he has no knowledge, and consequently from which he can take no appeal, he may, in a collateral action, impeach the validity of such proceedings, and have their nullity judicially declared. The road, for whose obstruction this proceeding was instituted, had been but recently opened. It passed over the defendant's land, and the commissioners appointed to make the review returned the fact that he did not give his consent to the opening of the road. None of the steps required by law were thereupon taken by the county court, in order to have his land condemned; but that body proceeded as though his consent had been lawfully obtained. It is obvious that, if such proceedings are tolerated, a person may be deprived of his property against his consent, without the least color of authority. Under such circumstances, to hold that he could not assert the nullity of the proceedings in a collateral action, would be to deprive him of all redress whatever.

Judge Ryland concurring, the judgment will be reversed.