# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

### OCTOBER TERM, 1865, AT ST. LOUIS.

[CONTINUED FROM VOL. XXXVI.]

———•●•———

VALENTINE BECKER, Respondent, *v.* THE CITY OF ST. CHARLES AND GEORGE H. SENDEN, CITY MARSHAL, Appellants.

1. *Highways — Dedication — Estoppel.*— To constitute a dedication of private property to public use, at common law, there must be, 1st, a plain and unequivocal intention on the part of the owner to appropriate the property for public use, and, 2d, there must be an acceptance by user or otherwise on the part of the public. In a dedication under the statute, by making and filing a plat, no acceptance by the public need be shown. Although as against his grantees the owner of land may be estopped from denying the fact of dedication, where he has granted lands calling for a street or a highway as a boundary, yet as against the public neither he nor his grantees are estopped until acceptance and user be shown.

*Appeal from St. Charles Circuit Court.*

*Theodore Bruère,* for appellants.

I. Dick, conveying at a time when he was the owner of the whole of lot 18, Boone's survey, through which Eighth street, when established, had to be located, by a deed of trust to King, trustee, that part of said lot 18 lying west of

2—VOL. XXXVII.

Eighth street, hereafter to be opened, and bounding the land so conveyed on the east by Eighth street, so mentioned, thereby reserved and dedicated the land required for Eighth street to the public in the event of sale under said deed of trust; and said sale having actually taken place, the dedication thereby became absolute and final.

II. Dick, giving by said deed said trustee power to sell said real estate, or so much thereof as should be necessary, together with its appurtenances, and to convey said real estate and appurtenances in pursuance of said sale, thereby bound the trustee to sell and convey the land according to the description contained in said deed, with the right to said Eighth street; and any deeds made under said deed of trust and sale, by King, contain as much a dedication of said street to the public as if made by Dick himself.

III. Even without any formal deeds or acts done by Dick, his first deed to Valentine Becker bounding the land therein conveyed by Eighth street, as laid out according to a plat filed by Andrew King, trustee, in the recorder's office of St. Charles county, May 31, 1860, amounts to a dedication of said street to the public, and any subsequent deeds of Isaac Dick cannot divest the public of the right thus acquired.— (Washb. Eas., 145, § 26, & 138, § 17; 3 Kent, 604, & 574, n., new ed.; 2 Smith's L. C., 180; Ang. on High., § 149; 2 Wend. 475; Matter of 32d street, 19 Wend. 130; 8 Mo. 457; Missouri Inst. v. How, 27 Mo. 216; McKee v. City of St. Louis, 17 Mo. 191; Godfrey v. City of Alton, 12 Ill. 29–35.)

IV. The proper authority to take charge of what has thus been actually dedicated is the local corporate body within which the same is situate; here, the City of St. Charles. (Washb. Eas., p. 156.)

V. V. Becker is, under his deeds from Dick and Walters, estopped from denying against the City of St. Charles the recitals contained in said deeds. If these deeds contain a dedication, the City of St. Charles being the grantee under said dedication is to be considered a party thereto in law.

VI. All acts *in pais* done by Dick, or by his authority, with the intention to dedicate Eighth street to the public use, are binding upon him and those claiming under him. The acts of Dick in making out, at the sale made by A. King, a plat on which he laid out Eighth street fifty feet wide; in laying out lots on said street, and as a part of an addition to the City of St. Charles; in having the property thus sold by the trustee, at his special request, in his presence, and without any objections on his part; in executing, after said sale, a number of conveyances, in which he refers to the plat according to which said trustee sold, and specially to Eighth street as laid out thereon; in having, after said sale, the trees cut down in order to clear the street,—are explicit manifestations of his intention to make such dedication. (Ang. on Highw., § 142; Washb. Eas., p. 139, § 19.)

VII. Though ordinarily there is no other mode of showing an acceptance by the public of a dedication of a street than by the public using it, such acceptance may be shown by any acts done by the City of St. Charles to signify the same. In this case it was the notice given to Dick and Walters to open the street long before V. Becker became the owner of their property, and a resolution of the city council to that effect. (Washb. Eas., p. 139, § 21, & p. 145, § 26; 19 Wend. 130.) 26 Barb. 634, by any official act of the corporation a sufficient acceptance can be made. State v. Carver, 5 Strobh., cited by respondent, expressly states that if the town council signify this acceptance by any acts, without even the use of the public, that is sufficient.

*E. A. Lewis,* for respondent.

I. Even if any or all the circumstances relied upon could be regarded as dedicatory acts, yet, as there was no evidence of any acceptance on the part of the city or the public, by user or otherwise, there could not be a complete dedication. (Washb. Eas. 141–2, 148–9, 151, 153; 2 Greenl. Ev. § 662; State v. Carver, 5 Strobh. 217; Livandais v. Municipality, 16 La. 509; David v. Municipality, 14 La. An. 872; People

v. Beaubien, 2 Doug., Mich. 256; Bissell v. R.R. Co., 26 Barb. 634.)

II. No act or declaration of Dick prior to the trustee's sale amounted to more than the expression of an intention thereafter to dedicate Eighth street; and such declarations of intention are held not to constitute sufficient evidence of a dedication. (Washb. Eas. 133–4, 136.)

III. The attempt of the trustee to dedicate Eighth street was a mere nullity; for, 1st, that portion of the ground never was conveyed to, or vested in him, at all—the deed of trust describing the property conveyed as "lying *west* of Eighth street, to be hereafter opened"; 2d, his attempt was made more than ten days after the sale and satisfaction of the trust, and the extinguishment of all his power over the land as trustee or otherwise. (Washb. Eas., p. 132, § 11; Ward v. Davis, 3 Sandf. Sup. Ct. 502.)

IV. Any right of highway arising from the sale by plat, or from deeds executed by Dick or the trustee, could only be claimed by the grantees themselves, or persons claiming under them, or by some one who, upon the faith of the recitals or descriptions in such deeds, had acquired a vested interest in the street, which it would be a fraud upon him to destroy; and as the city does not appear to have occupied either of these positions, it can set up no such claim in the premises. (Washb. Eas. 142–4, 147; Badeau v. Mead, 14 Barb. 328.) Washb. Eas., p. 45, § 26, refers to Barclay v. Howell, 6 Pet. 498, which on examination will be found inapplicable to a case like the present. The other cases are those where the streets had been laid off by public and duly authorized officers.

V. As the city was not a party to any of the deeds referred to, it cannot set up any estoppel as arising from them. (Cottle v. Snyder, 10 Mo. 763; Jackson v. Woodruff, 1 Cow. 276; Betts v. New Hartford, 25 Conn. 180.)

LOVELACE, Judge, delivered the opinion of the court.

This action was commenced for the purpose of obtaining an

injunction against the defendants' opening a street through the plaintiff's enclosure. The temporary injunction was granted in the vacation of the Circuit Court of St. Charles county, and, at the regular term of the court after the defendants had answered and moved to dissolve, the injunction was made perpetual; to reverse which, the case is brought here by appeal.

The evidence shows that the whole property was originally owned by one Isaac A. Dick, who, in 1857, conveyed to Andrew King, as trustee to secure the payment of a debt due Samuel B. Smith, all that portion "lying west of Eighth street, to be hereafter opened." On the 19th day of May, 1863, the trustee sold a portion of the land thus conveyed to satisfy the trust. Prior to this sale, Dick had the land marked off into lots, and the street in question was laid down on the plat of the land thus marked off and called "Eighth street." On the day of sale, Dick handed this plat to King, the trustee, and requested to have the land sold in accordance with the same, which the trustee accordingly did. After the sale, Dick refused to acknowledge and file the plat, as required by statutes; but King, the trustee, did acknowledge and file the same on the 3d day of May, 1863. It also appeared that Dick had made several other deeds to other persons calling for Eighth street as a boundary. It was not contended, nor did the evidence show, that the street had ever been opened or used by the city.

Upon these facts, the city claimed that the land covered by the proposed Eighth street was dedicated to the public, and were taking measures to have the same opened when the plaintiff interposed his injunction.

It is not contended that the plat filed by King amounts to a dedication, under the statutes, of the streets and alleys marked on said plat, the plat not having been filed in accordance with the statutes; but it is contended that the acts of Dick in making the plat, in having the land sold in accordance with the plat, and in calling for Eighth street as a boundary in other deeds made by him, constituted a dedica-

tion at common law. Two things are necessary to constitute
a dedication at common law of private property to public use:
first, there must be a plain and unequivocal intention on the
part of the owner to appropriate the property for public use;
and secondly, there must be an acceptance, by user or other-
wise, on the part of the public. The doctrine, says Judge
Scott (Rector v. Hartt, 8 Mo. 448), seems well settled in
America, that an owner of land may without deed or writing
dedicate it to public uses. No particular form or ceremony
is necessary in the dedication; all that is required is the
assent of the owner of the land, and the fact of its being used
for the public purposes intended by the appropriation. So it
has been held that when the owner of land in a city sells the
land as building lots, bounding them by streets of a specified
width, as laid down on a map, but not actually opened, the
purchasers acquire a legal right as against the grantor to
have the streets opened to the width delineated in the map,
and the land thus included in the street will be dedicated to
public use. (Matter of Lewis st., 2 Wend. 475; Matter of
13th st., 19 Wend. 130.)

In this case, it would seem that the intention of Dick to
appropriate the land in question for a street is sufficiently
manifest to enable the purchasers to have it opened accord-
ing to the rule laid down in the cases above cited; but can
the City of St. Charles, against the will of these purchasers,
have the street opened? The city was no party to any of the
deeds made by Dick, in which he calls for this street as a
boundary. The street was never opened and consequently
never used by the public. If the intention to dedicate to the
public be sufficiently manifest, still there is not a solitary act
on the part of the public indicating an acceptance. In a ded-
ication under the statute no acceptance on the part of the
public need be proved, because the dedication itself vests in
the public the fee to the property; but in the mere dedica-
tion of an easement in property an acceptance ought to be
proven, for however clear may be the owner's intention to
dedicate, still, if the public fail to accept and use the property

for the purposes for which it was appropriated, no title will pass. It is only the easement or right to use the property, in a manner expressed or implied in the act of dedication, that is intended to be given to the public, the owner retaining the fee in himself; and whenever that use is relinquished or lost, the owner again becomes revested with as absolute and exclusive dominion over the property as he possessed previous to the dedication. (Ang. on Highw., § 132.) We think there was no sufficient acceptance to vest the property in the City of St. Charles.

But it is contended that Dick and the plaintiffs claiming under him are estopped from denying the dedication and acceptance by virtue of the various deeds made by Dick calling for Eighth street as a boundary. It is not contended that there is an estoppel in the ordinary sense that a party is estopped from denying what he has solemnly disclosed to be the fact by deed; but it is claimed that this is an *estoppel in pais*. The doctrine of *estoppel in pais*, so far as it is applicable to real estate, vests upon the equitable principle that the owner of land who induces or suffers another to acquire an interest in, or expend money upon, such land under an erroneously supposed right so to do, shall thereby be precluded from denying the existence of such supposed right. (Ang. on Highw., § 156.)

And this doctrine, applied to streets or highways, would simply mean, that where an owner of land had sold the land as bounded by a street, he would be estopped as against the purchasers from denying the existence of the street.

"But the public," says the authority above referred to, "acquires its right by the acceptance of a voluntary donation, and holds it against the owner, not because he is precluded by any equitable principle from asserting his title, but because he has no title which is not consistent with the public use. If this plaintiff was seeking to have this street opened as against Dick, it would seem that Dick would be estopped from denying that Eighth street was a public street, because he might justly say that it was upon the faith of

Dick's representations that Eighth street was a public street that he purchased the property ; but this defenee, which the law provides for his benefit and to protect his rights, ought not to be set up to prejudice them.

The judgment is affirmed.   The other judges concur.