Rose et al. v. City of St. Charles.

---

REUBEN G. ROSE *et al.*, Appellants, *v.* CITY OF ST. CHARLES, Respondent.

1. *Cities, actions against — Jurors — Special* venire.—In an action against the city of St. Charles, where some of the jurors were residents and tax-payers, plaintiff would be entitled to a special *venire* for jurors who owned no property in the city. But notice of such *venire* will not be granted after the jury is called.

2. *Streets — Become public property, how — Ordinance, acceptance of — Dedication.* — It is not necessary, in order to constitute a street or alley in a municipal corporation, that the statutory course should be pursued. Any act by the owner setting apart to the public a portion of his property, clearly showing that such was his intention, vests the use of the property in the public for the purposes indicated; and if actually thrown open, the public may take possession. In such case no ordinance or formal acceptance of dedication is necessary.

3. *Water-courses — Cities — Improvements — Trial — Verdict, etc.* — As a matter of law, a city, in making improvements, has no right to dam up any water-course and thereby flood the land of others, even though the water-course does not form a permanent stream. And a verdict embodying that proposition should be set aside.

*Appeal from St. Charles Circuit Court.*

*Theodore Bruere,* and *Orrick & Emmons,* for appellants, cited 11 Mo. 247; 30 Mo. 161; 21 Iowa, 565; 2 Oregon, 123; 31 Conn. 581; 7 Ga. 139; 2 Scam. 56; 10 Mo. 763; 37 Mo. 132, 600; 33 Conn. 180; Greenl. Ev., § 662; Waterm. N. T. 241–2.

*McDearmon & Alexander,* for respondent.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs sued the city for grading and filling certain streets, by means of which the water was set back upon their lots, to their great damage, etc. The issues were submitted to a jury, who found for defendant, and the plaintiffs charge certain errors committed upon the trial:

1. After the jury was called, the plaintiffs moved for a special *venire* for jurors who owned property within the town of St. Charles, inasmuch as some of those called were residents and tax-payers of the town, and hence interested. The motion was overruled, but had it been made in season it should have been granted. (Fine v. St. Louis Public Schools, 30 Mo. 166.) There was no challenge to any juror upon the ground of interest, and the motion was made too late. If parties desire a special *venire,* the motion should be made so early that the jury can be summoned and be ready to be impaneled when the case is called for trial, otherwise it may become a cover for delay.

2. To show that the street filled by the city was so dedicated as to become public property, an agreement to dedicate it by a former owner of the property was offered in evidence against the objection of the plaintiffs. It is not necessary, in order to constitute a street or alley in a municipal corporation, that the statutory course should be pursued. Any act by the owner of property setting apart to the public a portion of his property, clearly showing that such was his intention, vests the use of such property in the public for the purposes indicated; and if actually thrown open, the public may take possession. The usual course is to make a plan of a town or of an addition, setting apart streets, alleys, public squares, etc., and file a plat thereof with the recorder; but in the present case a contract was shown between the owner and purchasers of contiguous property, to dedicate certain streets of which the city has taken possession. The court correctly held this to be sufficient evidence of dedication. No ordinance is necessary. (Taylor v. City, etc., 14 Mo. 17.) Becker v. City, etc., 37 Mo. 13, is cited in support of the claim that a formal acceptance of the dedication is necessary, but in that case the facts were unlike these under consideration. In Becker v. City, the owners of the property resisted the opening of the street, while here the streets had been thrown open for a long time by the owner under an agreement to dedicate the land, although the improvements complained of are but recent. The plaintiffs, indeed, are not complaining of the occupation by the city; they themselves do not claim possession of the land or seek to recover it, but only charge damage arising from the character of the improvements. The view urged by them would be entitled to more consideration if their right to possession of the property dedicated was in issue.

3. The plaintiffs claim that the verdict should have been set aside because of its character. It is as follows: "Believing in the lot is no living stream, we, the jury, find for the defendant."

The evidence tended to prove that a living stream ran across the plaintiffs' lot, which was dammed up by the improvement, although it varied in regard to the character of the stream. It was, however, clearly shown that the water ran in it for most of

the year. The jury, it seems, founded their verdict upon the fact that the stream was not a "living" one, which must mean a permanent one, or one constantly running, thus holding as matter of law that the city, in making its improvements, had a right to dam up any water-course, and thereby flood the lands of others, where it does not form a permanent stream. In this view of the law the jury was mistaken, and the court should have set aside the verdict, as would have been its duty had the same view been embodied in an instruction given by the court. For this error. the judgment must be reversed and the cause remanded for a new trial. The other judges concur.