————o————

John H. Fulweiler, Respondent, *vs.* The City of St. Louis, Appellant.

1. *Practice, civil—Municipalities—Jurors—Tax payers, when incompetent—Special venue, when must be called.*—In actions against a municipality, tax-paying inhabitants thereof are not competent jurors, and where at the time objection is made to such jurors, and exception saved to the action of the court in admitting them, the party does not waive his objection to the panel by proceeding with the trial. Nor is he required, in order to entitle him to a special *venire*, to ask for the same, until the regular panel has been called, and the list of competent jurors exhausted. (Rose vs. City of St. Charles, 49 Mo., 509.)

*Appeal from St. Louis Circuit Court.*

*Leverett Bell,* for Appellant.

I. Plaintiff should have moved for a special *venire* for country jurors. Failing to do this, he must be held to have waived it. (Rose vs. St. Charles, 49 Mo., 509.)

II. All exceptions to the jury were likewise waived by his course in proceeding with the trial. If he intended to stand by his exceptions, he should have taken a non-suit with leave, etc.

*Theodore Sternberg,* for Respondent.

In an action against an incorporated city, the inhabitants are not competent jurors. (Diveny vs. City of Elmira, 51 N. Y., 506; Eberle vs. The Schools, 11 Mo., 261; Fine vs. Same, 30 Mo., 166; Rose vs. City of St. Charles, 49 Mo., 509.)

They do not stand upon the same grounds as do the inhabitants of a county, who are by statute made competent jurors. (Wagn. Stat., 408, § 7.)

SHERWOOD, Judge, delivered the opinion of the court.

Action for damages, alleged to have been received in consequence of a defect, etc., in the side walks, cross-walks and gutters at the intersection of 9th street and Franklin Avenue.

A jury was called, and in answer to questions touching their qualifications, four of the panel admitted that they were inhabitants and tax-payers of the city. Plaintiff thereupon challenged them for cause, specifying the ground mentioned, as a disqualification. This challenge was however overruled. The cause then proceeded to trial, and resulted in a verdict for the defendant. The general term reversed this judgment of the special term; and the city is now the appellant.

It is freely conceded by counsel for defendant, that the persons challenged were not competent to sit as jurors. (Eberle vs. St. Louis Public Schools, 11 Mo., 247; Fine vs. St. Louis Public School, 30 Mo., 166; Rose vs. City of St. Charles, 49 Mo., 509.) But it is urged that plaintiff, although

excepting when his challenge was overruled, waived his right by proceeding with the trial; and that in order to have pre vented such waiver, he should have taken a non-suit, with leave, etc.

Another ground relied on for the affirmance of the action of the trial court, is that the plaintiff was tardy in his objection, and should "have in due time, moved for a special *venire*." We do not regard either ground as tenable, or as a sufficient answer to the objection made, though the second ground seems to find support in Rose vs. City of St. Charles, *supra*. For it is extremely difficult to see how a party could move the court for a special *venire* until the regular panel was called, and the fact ascertained that some of the jurors were incompetent by reason of being tax-payers. To require the court to be moved for a special *venire*, before the necessity for such motion is legally ascertained, would seem not altogether reasonable. And it cannot be expected that a party will anticipate that the regular panel will not furnish the requisite number of competent jurors.

But however we may regard that opinion on this point, in that case no challenge was made to any juror on the ground of interest, and it seems to be intimated there, that if such action had been taken this would have been sufficient. Here, as above seen, this challenge on the ground of interest was made, and exception saved; and we think error was committed in overruling such challenge.

We do not regard the plaintiff as waiving any right, by proceeding to trial; it is true he might, as defendant's counsel suggest, have taken a non-suit, with leave, etc., but he was not compelled to this, as his only course. And even had he pursued that line of action, the results attendant on his motion to set aside the non-suit, would present the very question now before us, namely, the propriety of overruling plaintiff's challenge.

For these reasons we shall affirm the judgment of the general term. Judge Vories absent; the other judges concur.