MARTIN O'BRIEN ET UX., Respondents, *v.* VULCAN IRON-WORKS ET AL., Appellants.

7  257
34  322
7  257
126m626

### May 27, 1879.

1. The city of St. Louis, not being purely a municipal corporation, but having attributes of a county, the statute which provides that the tax-paying inhabitants of a county shall be competent as jurors in a case wherein the county is a party, applies to it.

2. The improper exclusion of a juror upon a challenge is not sufficient ground for a reversal, where it does not appear that the complaining party was prejudiced thereby.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

CLINE, JAMISON & DAY, for appellants, cited : Wag. Stats. 408, sect. 7; Const., art. 9, sect. 23; Scheme of Separation, sect. 2; *Fine* v. *Public Schools*, 30 Mo. 173; *Rose* v. *St. Charles*, 49 Mo. 510; *Eberle* v. *Public Schools*, 11 Mo. 261.

T. B. CHILDRESS, for respondents, cited : *Fulweiler* v. *St. Louis*, 61 Mo. 479; *Rose* v. *St. Charles*, 49 Mo. 509; *Fine* v. *Public Schools*, 30 Mo. 166; *Eberle* v. *Public Schools*, 11 Mo. 247.

LEWIS, P. J., delivered the opinion of the court.

The plaintiffs, who are husband and wife, obtained a judgment, under Wagner's Statutes, p. 519, sect. 2, for damages on account of the death of their son, a minor, which was caused by the falling of an embankment. The Vulcan Iron-Works, defendant, had by its employees been excavating for sand in Clay Street, in the city of St. Louis, and it was claimed by the plaintiffs that the falling of the bank was due to negligence of the workmen in undermining and in not properly securing the earth above their work. The city of St. Louis was a co-defendant, but was discharged of responsibility by the verdict of the jury.

The record presents nothing which seems to demand review, except in what relates to the selection of the jurors. Four of the regular panel were challenged for cause by the plaintiffs, on account of their being tax-paying inhabitants of the city of St. Louis. The challenges were sustained, against the objection of the defendants, and other jurors were substituted. This ruling of the court is assigned by the defendants for error.

It has been repeatedly declared that tax-paying inhabitants of an incorporated city are not competent as jurors in a case wherein the city is a party. *Eberle* v. *Public Schools*, 11 Mo. 247; *Fine* v. *Public Schools*, 30. Mo. 166; *Rose* v. *St. Charles*, 49 Mo. 509; *Fulweiler* v. *St. Louis*, 61 Mo. 479. But in every adjudication to that effect, thus

far, the city interested was a pure municipal corporation, having none of the peculiar attributes of an ordinary county. Our statute provides that, " in all actions brought by or against any county, the inhabitants of the county so suing or being sued may be jurors or witnesses, if otherwise competent and qualified." Wag Stats. 408, sect. 7.

If the city of St. Louis, as now constituted, is included within the meaning of the words " any county," the challenged jurors in this case were competent to serve, and were not properly excluded.

In *The State ex rel.* v. *Finn*, 4 Mo. App. 347, the peculiar attributes of the present city of St. Louis as a *quasi-county*, for certain purposes, were partially defined. It was there shown that, from the nature of the office of sheriff, the city stands, as to all matters having special reference to him, in the relation to the State of an ordinary county. From this it results, under art. 9, sect. 23, of the Constitution, that all laws affecting the offices of sheriffs in the counties must be construed as operative in the city of St. Louis with like effect as if it were named a county, instead of a city. From the sheriff's office to the courts is but a step. Indeed, the administration of justice may, of all local functions, be said to stand in the closest possible relation with the State. Through her courts of record, the city of St. Louis appears in the same intimate connection with one of the "three distinct departments" of the powers of State government that is held by any county. If a statute should define the duties of "the Circuit Court of any county in the State," it would be a bold interpretation that should deny its application to the St. Louis Circuit Court. Without pursuing the subject further, it seems clear that, for all the purposes and intendment of the statute above quoted, the present city of St. Louis is as much a county as is any other municipal subdivision of the State.

The Circuit Court ought, therefore, to have denied the challenges and permitted the four jurors to serve. But is the failure to do so a sufficient ground for reversal? We

think not. It is not perceived that the defendants were in any way prejudiced. For aught that appears, the four substitute jurors were as fairly qualified to do justice between the parties as were those whom they replaced. No party has a right to have his cause tried by any particular juror or set of jurors. The privilege of challenge is a right to reject, and not a right to select. The court may in its discretion, before the jury are empanelled, excuse a juror from service, for any cause that may be deemed sufficient. If the case be then tried, nevertheless, by a jury of competent persons, no one has a right to complain. If the court may, without error, excuse a juror because of sickness, or domestic affliction, or for any other cause not a statutory ground of challenge, surely it can be no worse to excuse him upon some ground which is not in fact, but is supposed to be, a statutory or otherwise lawful cause for challenge.

This disposes of the objection upon which chiefly the defendants seem to rely for a reversal. Some general objections are suggested against the action of the court in giving and refusing instructions. We have examined the record carefully in this connection, and find nothing of which the defendants can justly complain. The instructions given were carefully drawn, and embodied a fair presentation of the rights of either party. Those which were refused contained nothing properly favorable to the defence that was not clearly set forth in the instructions given.

All the judges concurring, the judgment is affirmed.