SMITH S. BOYCE, Respondent, v. FRANCIS AUBUCHON, SR., Appellant.

| 34 | 315 |
| 95 | ³650 |

St. Louis Court of Appeals, February 19, 1889.

1. **Jurors:** DISQUALIFIED BY SUBPŒNA. Where some of the jurors summoned on the regular panel are subpœnaed as witnesses for one of the parties before their qualification as jurors, they are thereby disqualified to serve as jurors in the cause, and it is proper for the court to dismiss them and cause others to be substituted in their places.

2. **Jurors:** UNFAIR SELECTION. When it becomes apparent, after a verdict for the plaintiff, that ten out of the original panel of eighteen jurors were subpœnaed as witnesses on behalf of the plaintiff for the purpose of gaining an undue advantage in the selection of the jury, the verdict should be vacated for that reason, without regard to other errors or irregularities in the proceedings.

3. **Slander:** INNUENDO: INDUCEMENT. In an action for slander, when the words charged to have been uttered by the defendant are not actionable *per se*, their meaning must be shown by proper averments. The office of an innuendo is to explain and point out the proper meaning of the words, but not to extend or enlarge such meaning beyond what is warranted by the prefatory matter; unless the words have acquired a local and unaccustomed import. It is not to be employed as a substitute for an averment. It is error for the court to admit evidence of, or to instruct upon, charges thus introduced by innuendo, and not by averment.

4. **Slander:** BURGLARY AND LARCENY. Where the slanderous words spoken impute the crime of larceny only, it is error to instruct concerning charges of burglary and larceny.

*Appeal from the Ste. Genevieve Circuit Court.*—HON. JAMES D. FOX, Judge.

REVERSED AND REMANDED.

*Dinning & Byrns*, for the appellants.

The words set out in the first, second, third, fourth, fifth and seventh charges in plaintiff's petition, are not actionable of themselves. *Salvatelli v. Ghio*, 9 Mo. App. 155 ; *Christal v. Craig*, 80 Mo. 367 ; *Hawkes v. Hawkey*, 8 East Rep. 426 ; *Van Vechten v. Hopkins*, 5 J. R. 211 ; *Vaughn v. Havens*, 8 J. R. 107 ; *Palmer v. Hunter*, 9 Mo. 512 ; *Harris v. Woody*, 9 Mo. 113 ; *Curry v. Collins*, 37 Mo. 324 ; *Dyer v. Morris*, 4 Mo. 214 ; *McManus v. Jackson*, 28 Mo. 56 ; *Bundy v. Hart*, 46 Mo. 460 ; *Church v. Bridgman*, 6 Mo. 194 ; *Legg v. Dunlevy*, 10 Mo. App 461 ; *Legg v. Dunlevy*, 80 Mo. 558. When words are charged that are not actionable without a knowledge of some extrinsic fact, it is necessary to set forth that fact, by way of preliminary averment. Our statute, so far as the colloquium is concerned, has changed the common-law rule, only so far as it shows that the defamatory words applied to the plaintiff, and goes no further. All the averments necessary in common law pleading to show the meaning of the words must still be made. Bliss Code P., sec. 305 ; *McManus v. Jackson*, 28 Mo. 56 ; *Bundy v. Hart*, 46 Mo. 460 ; *Christal v. Craig*, 80 Mo. 367. It is not sufficient that the extrinsic facts appear by the innuendo, for it is not the office of an innuendo to make averments, but to apply the words, or explain their meaning. Averments must be proved. Innuendoes are used to so connect the words charged with the averments, or show their meaning as to make the petition a logical and complete statement of plaintiff's case. The question, which an innuendo raises, is in all cases a question not of fact, but of logic. It is simply whether the explanation given is a legitimate conclusion from the premises stated, and to determine this question, must be in all cases the exclusive province of the court, and cannot be the subject of proof by wit-

nesses. *Fry v. Bennet*, 5 Sanf. ( N. Y. ) 65 ; Folk.
Stark. Slan., sec. 448, p. 483 ; Town. Slan., sec. 342 ;
*Bundy v. Hart*, 46 Mo. 460 ; *Van Vechten v. Hopkins*,
5 Johnson, 211 ; *Birch v. Benton*, 26 Mo. 154 ; *Pike v.
Van Warmer*, 5 Howard, Pr. 179 ; Town. Slan., secs.
336, 337. The words charged in sixth and eighth causes
in plaintiff's petition, the innuendo renders non-action-
able. Folk. Stark. Slan., sec. 446 ; Town. Slan., sec. 338 ;
Odgers on Lib. and Slan. 101. The court erred in admit-
ting any evidence tending to prove the words in the first,
second, third, fourth, fifth and seventh charges in
plaintiff's petition. The court erred in permitting the
regular panel of the petit jury to be dismantled by a
subpœna in the hands of this plaintiff, for no purpose
save the supposed advantage he would enjoy with a jury
taken from the bystanders.

*William Carter & Weber*, with *H. S. Shaw &
Burks* and *George M. Wilson*, for the respondent.

The petition is properly framed and states a good
cause of action. The extrinsic fact of the burglary and
larceny is sufficiently alleged to connect the words
spoken by defendant with this crime. The same tech-
nical nicety and particularity of statement required in
an indictment are not necessary in a civil pleading.
Besides, the language was actionable *per se*, and no
extrinsic facts need have been alleged. R. S., sec. 3552 ;
*Perselly v. Bacon*, 20 Mo. 330 ; *McManus v. Jackson*,
28 Mo. 56 ; *Legg v. Dunlevy*, 10 Mo. App. 461 ; s. c., 80
Mo. 558 ; *Bundy v. Hart*, 46 Mo. 460 ; *Pennington v.
Meeks*, 46 Mo, 217 ; *Christal v. Craig*, 80 Mo. 367 ;
*Caruth v. Richeson*, 19 S. W. Rep. 633. The innuen-
does properly apply the meaning of the language
constituting the slander. Town. Slan., pp. 184, 185, 186,
527 ; note 1, 528 ; note 2. The petition states but a
single cause of action. It is proper to set out the

language in several forms to meet the probable proof. *Christal v. Craig*, 80 Mo. 367 ; ·*Pennington v. Meeks*, 46 Mo. 217 ; *Lewis v. McDaniel*, 82 Mo. 577 (586); *Birch v. Benton*, 26 Mo. 153. The instructions given by the court are unobjectionable, and fairly declare the law. The testimony upon which numbers 4 and 6 were based was properly admitted in mitigation of damages. They could not have harmed the defendant. Pom. Rem., sec. 650, p. 683 ; 1 Van Sandf. Pl., p. 485 ; Put. Pl. (C. L.) p. 490, authorities cited ; Bliss Pl., sec. 362. Defendant's challenge to the array and his objection to the jury were untenable. He was only entitled to an unbiased and qualified jury, not to any individual or set of individuals. *O'Brien v. Iron Works*, 7 Mo. App. 257 ; Thomp. & Mer. Juries, sec. 146 ; *State v. Mathews*, 88 Mo. 121 ; *State v. Gleeson*, 88 Mo. 582. Plaintiff had a right to summon any witnesses he chose, and until his motives or conduct are, by affidavit or other proof, shown to have been wrongful, he is under no obligation to fortify their rectitude. We have no allegation or proof that the defendant was injured or his rights prejudiced by the summoning of the jurors as witnesses. *Lewis v. McDaniel*, 82 Mo. 577 (586); 88 Mo. 121 ; 88 Mo. 582.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action of slander, instituted in the circuit court of St. Francois county and by successive changes of venue, removed to the county of Ste. Genevieve, where the cause was finally tried, resulting in a verdict and judgment for plaintiff, from which the defendant prosecutes this appeal.

The second amended petition, on which the cause was tried, alleged that the defendant's son kept a store wherein the defendant had a safe and that such safe in June, 1885, was burglariously broken open by some

persons unknown, who took therefrom a large sum of money, property of the defendant. The petition then proceeds:

"That after the entering of said store and safe by said unknown person, to-wit: on or about the — day of June, 1885, as aforesaid, and at divers other times, the said defendant, well knowing the premises, and contriving and wickedly and maliciously intending to injure the plaintiff in his good name, fame and credit and to bring him into public scandal, infamy and disgrace, with and amongst all his neighbors and other good citizens, and to cause it to be suspected and believed by those neighbors and citizens, that plaintiff had been and was guilty of the offenses and misconduct hereinafter mentioned and charged upon him in certain discourses which said defendant had, at and in the county of St. Francois aforesaid, on the said — day of June, 1885, and at divers other times, and on divers occasions since that time and prior to the institution of this suit, in the presence and hearing of divers persons, and on divers occasions, falsely and maliciously spoke of and concerning this plaintiff the following false, malicious and defamatory words, that is to say:

*First.* 'I know who has my money, Smith Boyce, the painter' (meaning the plaintiff). 'I am going to lay a trap to catch him' (meaning the plaintiff).

*Second.* 'He is the man that has my money' (meaning the plaintiff). 'I am going to lay a trap to catch him' (meaning the plaintiff).

*Third.* 'That he thought he' (meaning the plaintiff) 'had the money in the graveyard,' thereby intending and meaning to accuse and charge the plaintiff with the crime of burglary and larceny, and was so understood by those to whom the words were spoken.

*Fourth.* 'Every thing goes to show that Mr. Boyce' (meaning the plaintiff) 'got the money, and we believe he got it.' Thereby meaning and intending

to accuse and charge the plaintiff with the crime of burglary and larceny, as aforesaid, and was so understood by those to whom the words were spoken.

*Fifth.* 'I think that the man that made the tracks in the potato patch got my money, and not the man that made the tracks in the road' (meaning that the plaintiff got his money). Thereby meaning and intending to accuse and charge the plaintiff with the crime of burglary and larceny, as aforesaid, and was so understood by those to whom the words were spoken.

*Sixth.* 'He' (meaning the plaintiff) 'stole my money out of the safe.'

*Seventh.* 'He' (meaning the plaintiff) 'has hid my money in the graveyard, and you know where he hid it.' Thereby meaning and intending to accuse and charge the plaintiff with the crime of burglary and larceny, aforesaid, and was so understood by those to whom the words were spoken.

*Eighth.* 'He' (meaning the plaintiff) 'is dishonest and is a thief.' Thereby meaning and intending to accuse and charge the plaintiff with the crime of burglary and larceny, and was so understood by those to whom the words were spoken.

"By means of the speaking of which false, malicious and defamatory words aforesaid, the plaintiff has been, and is, greatly injured in his good name, fame and credit, and brought into public scandal and disgrace amongst his neighbors and the public, and has been damaged in the sum of ten thousand dollars.

"Wherefore plaintiff demands judgment against the defendant for the sum of ten thousand dollars and for his costs."

The defendant for answer to the above petition, filed a general denial.

Thereupon both parties announced ready for trial, a jury of eighteen men of the regular panel was called.

into the jury box and sworn to answer questions touching their qualification to serve on this jury, when ten of this eighteen of the regular panel stated that they had been subpœnaed as witnesses on behalf of the plaintiff in this cause. The subpoenas being produced, showed that a part of these ten jurors had been served on that same morning and a part of them on the evening before the day the trial was begun. These ten jurors were by the court discharged, holding that they were not competent jurors to try this case. To the action of the court the defendant excepted. The panel of jurors, after the ten had been removed, was filled to eighteen and the defendant objected to the eighteen jurors, because ten of the regular panel had been removed from the jury to prevent the defendant from selecting a jury of twelve men from the regular panel, before whom to try this cause.

Defendant further objected because the ten jurors so discharged knew nothing about the merits of this case. Each of these objections was overruled, and the defendant forced to accept the eighteen jurors as the panel from which to select twelve jurors to try this case.

The defendant excepted to the action of the court at the time, and renewed the exception in his motion for new trial, after it had become apparent that neither of the jurors had been subpœnaed in good faith, and neither of them had been called as a witness, and upon these exceptions, the defendant still relies.

Our statute provides, section 2795: "In trial of civil causes, each party shall be entitled to challenge peremptorily three jurors, but when there are several plaintiffs and defendants, they shall join in their challenges, and the plaintiff shall in all cases announce his challenges first."

"Sec. 2796. No witness or person summoned as a witness in any civil cause  *  *  *  shall be sworn as a juror in the same cause."

In view of this last section we cannot put the trial court in the wrong for excusing from the panel the ten jurors who had been summoned as witnesses. It is true that the trial was in a county where neither of the parties resided, and not in the county wherein the supposed grievance sought to be redressed occurred. It is also true that jurors summoned from the vicinage were not likely to know anything touching the matters in controversy. But conceding all this, the court was bound to assume that its own sworn officers were acting in good faith. But when it conclusively appeared (as it did before the close of the trial), that the summoning of these jurors, was a mere device and trick to increase plaintiff's peremptory challenges from three to thirteen, that not even an attempt was made to examine any of the jurors thus summoned as witnesses, and that not even an excuse was offered for the flagrant abuse of the process of the court, it became its duty to vacate a verdict obtained by the party guilty of the abuse, upon motion of the adversary party at once.

To avoid any possible recurrence of a similar proceeding, we feel bound to say, that if the trial had been conducted in an unexceptionable manner in all other respects, even if the verdict was unquestionably for the right party under the evidence, we would not hesitate to vacate it at once upon this ground alone.

It is a mistake to liken this case to *O'Brien v. Iron Works*, 7 Mo. App. 257, where the trial court under a mistaken view of the law, improperly sustained peremptory challenges honestly made. It is useless to liken it to the class of cases referred to in *State v. Gleason*, 88 Mo. 585, which hold that statutes for the selection of jury panels are directory, and even if irregularities

intervene, they will not amount to error, unless prejudice be shown. This is a case of intentional gross misconduct, and an indirect evasion of the statute, by which the party seeks to obtain an undue advantage, and a proper administration of justice demands that we should not stop to inquire whether he obtained it or not.

The other errors assigned are that the court erred in admitting any evidence in support of the first, second, third, fourth, fifth and seventh charges, in the petition, and erred in its instructions to the jury.

It will be seen by referring to these charges that neither of them contain words spoken which are actionable *per se.*

Our statute provides, Revised Statutes, section 3552 :

" In an action for libel or slander, it shall not be necessary to state in the petition any intrinsic facts, for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose; but it shall be sufficient to state, generally, that the same was published or spoken concerning the plaintiff; and if such allegation be not controverted in the answer, it shall not be necessary to prove it in the trial ; in other cases it shall be necessary."

This section, however, has only the effect that while it dispenses with the necessity of showing by extrinsic facts the application of the words to the plaintiff, it is still necessary when the words are not actionable to show their meaning by proper averments in the inducement. *McManus v. Jackson*, 28 Mo. 56 ; *Bundy v. Hart*, 46 Mo. 460 ; *Christal v. Craig*, 80 Mo. 367. The office of an innuendo is to explain the words used and to point out their proper meaning. It cannot extend or enlarge their meaning beyond proper import, except so far as such enlarged meaning is warranted by the prefatory matter set forth in the declaration, unless they

have acquired a local meaning that gives them another and different import from that which they ordinarily convey. Starkie on Slander, section 442, note 28 and cas. cit. As was said in *Christal v. Craig, supra*, "The office of the innuendo is simply to apply the words. It is never a substitute for an averment. It is not the statement of a fact but an inference. Being merely explanatory in its functions, the only question raised by it is whether the explanation given be a legitimate deduction from the facts stated."

Applying the rule thus stated to the first, second, third, fourth, fifth and seventh charges in plaintiff's petition, we must conclude that they are fatally defective. Neither of them is connected with the offence which is alleged to have been committed by proper averments, and the innuendo added to some of them, is a mere attempted enlargement of the meaning of the words which as above seen is inadmissible. The court, therefore, erred in admitting any evidence touching these charges, and likewise erred in its charge to the jury directing them to find for the plaintiff if the words contained in any of the eight charges, or enough of the exact words set out therein to constitute the charge of burglary and larceny were proved. Such an instruction would have been warranted only if each charge had been legally sufficient to impute to plaintiff the commission of these crimes. *Casey v. Aubuchon*, 25 Mo. App. 91.

The sixth and eighth charges refer to words spoken which are actionable in themselves, inasmuch as they impute to plaintiff the commission of the crime of larceny, nor is the allegation contained in them, rendered defective by an attempted enlargement by innuendo. The first instruction of the court, however, would have been erroneous even if confined to these charges alone, since it authorized the jury to find that the slanderous

words contained in those charges, imputed to the plaintiff the commission of the crime of burglary as well as larceny.

The case was tried on the second amended petition, but it does not appear whether the prior petitions, filed by the plaintiff herein were adjudged insufficient by the trial court in whole or in part, so as to make any further amendment under the statute inadmissible. R. S., section 3540 ; *Beardslee v. Morgner*, 73 Mo. 22. Should it appear that prior petitions of the plaintiff have been adjudged insufficient as above, the trial court should grant him leave to withdraw the first, second, third, fourth, fifth and seventh charges in his petition and to proceed to trial on the sixth and eighth charges. Should it on the other hand appear that the former amendments by plaintiff were voluntary, the trial court may grant leave to the plaintiff to file a further amended petition if he so elects, connecting by proper averments the charges made in his petition with the offense committed to which they are supposed to relate.

Reversed and remanded.   All the judges concur.