THE STATE OF MISSOURI, Respondent, v. H. G. PARSONS *et al.*, Appellants.

St. Louis Court of Appeals, February 14, 1893.

Criminal Law: OBSTRUCTION OF PUBLIC ROAD : NECESSITY OF PROOF OF ESTABLISHMENT OF ROAD. A conviction cannot be obtained under section 7827 of the Revised Statutes, 1889, for the obstruction of a public road, unless there is some evidence that the road obstructed was legally established. And *held,* that the evidence in this cause was insufficient for that purpose.

*Appeal from the Stone Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED (*and defendants discharged*).

*Adiel Sherwood* and *M. E. Benton,* for appellants.

No brief filed for respondent.

ROMBAUER, P. J.—The defendants were jointly indicted for obstructing a public road in township 26, range 23, in Stone county, near where said road passes the house of R. G. Parsons, in section 20 of said township. The indictment was drawn under section 7827 of the Revised Statutes of 1889, which makes the wilful obstruction of a public road a misdemeanor, punishable by fine of not less than $5 nor more than $100. The defendants were found guilty, and sentenced to pay a fine of $5 each. Their main complaint on this appeal is that the verdict is not supported by the evidence.

The record before us is very imperfect. The plat of the county road commissioner, which ought to have been annexed to his report of survey, under the provisions of section 7798, and which as would appear inferentially was so annexed, is not in the record, nor was it offered in evidence by either party, and in the absence of such plat it is impossible to determine whether the *locus in quo* was or was not a public road; this, regardless of the fact whether a public road had been legally established. But we find no evidence in the record that a public road had ever been legally established at the place of the alleged obstruction. The law as it formerly stood, section 6964, Revised Statutes, 1879, read as follows: *"It shall only be necessary for the prosecution to prove that such road had been established by order of the county court, and that the same had been used as a public road."* It was, therefore, held, in *State v. Ramsey,* 76 Mo. 398, that the record of the county court establishing the road charged to have been obstructed by the defendant, coupled with evi-

dence that the road was used as a public road and was obstructed by the defendant, was sufficient to warrant his conviction. It was essential under the law, even as it then stood, to show at least an establishment of the road *prima facie* valid under the records offered in evidence. The above sentence in italics has been omitted from the revision of 1889, indicating that the legislature intended that the proof necessary to secure a conviction in these cases should be the same as in all other criminal proceedings.

Now, in the case at bar, there is a total lack of evidence that a public road had ever been legally established. Conceding for the sake of argument that an order of the county court, with appropriate recitals, would furnish *prima facie* evidence of the existence of antecedent facts essential to give the county court jurisdiction to establish the road, yet no such recitals are found in the order of the county court. The order offered in evidence by the state is simply an order to the county commissioner to view and mark out a public road between points named. The report of the commissioner offered in evidence fails to state that he has done so, but simply gives certain distances and courses; but whether of a proposed road or not does not appear. The bearing of the courses, whenever they are off section lines, is not given. Neither the order of the county court nor the report of the commissioner states the width of the proposed road. It affirmatively appears from the oral evidence of the commissioner that he ran only the center line of it, and did not know himself how wide it was to be. A number of witnesses testify that the road petitioned for was a road twenty feet wide, and the road cut out was all the way from the width of a wagon trail to the width of forty feet.

The road was laid out in 1882, and whether it was ever legally established must be determined by the pro-

visions of the Revised Statutes of 1879 then in force. Section 6932 of those statutes provides that all public roads shall be not less than thirty nor more than sixty feet wide. Section 6937 required that the commissioner should mark out *such road*, which means the marking out of a road not less than thirty nor more than sixty feet wide, and not the running of a mathematical line without dimensions over the ground. And although section 6987 of the same statutes provides that roads shall be deemed to have been legally established, notwithstanding any irregularities in the proceedings had to establish them, yet such is only the case where there has been a user by the public for ten years or more. That section, therefore, cannot aid the verdict in this case, as all the testimony concedes that the road was opened in June, 1882, and the alleged offense of obstructing it was committed in April, 1890.

It was decided in *Golahar v. Gates*, 20 Mo. 236, that a person prosecuted for obstructing a public highway may attack the validity of the highway collaterally by showing that his property on which the alleged obstruction took place had not been condemned for public use according to law. *A fortiori*, can he not be convicted, when the state wholly fails to show a public road legally established in the place where he obstructs the road. *State v. Farrelly*, 36 Mo. App. 282.

In the case at bar all oral evidence offered by the state, tending to show an obstruction, was objected to on the ground that it was not shown that any public road had been legally established in that place. The records offered for the purpose of showing that fact were objected to as insufficient for that purpose. These objections should have been sustained. But, even if we consider all the evidence thus erroneously admitted, it fails to show that the place obstructed was on a.

public road legally established. Hence, we must reverse the judgment.

Ordered that the judgment be reversed, and the defendants discharged. All the judges concur.