STATE OF MISSOURI, Respondent, v. WILEY CUNNINGHAM, Appellant.

St. Louis Court of Appeals, February 12, 1895.

Criminal Law: OBSTRUCTION OF PUBLIC ROAD: PROOF OF ESTABLISHMENT OF ROAD. Before a defendant can be convicted of having obstructed a public road, the state must show the establishment of a public road at the place in question. And when the road is not an ancient one, but has been recently established, it must appear, among other things, that an order for the establishment and opening of it was made by the county court.

Appeal from the Howell Circuit Court.—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

Wm. Monks for appellant.

No brief filed for respondent.

ROMBAUER, P. J.—The defendant was indicted and convicted for obstructing a public road, and appeals from the judgment. It is our duty in these cases to examine the record and decide whether it will sustain the conviction, regardless of any errors assigned. We have done so, and must conclude that the conviction can not be sustained. The statute provides that public roads shall be established by order of the county court. R. S. 1889, secs. 7796 to 7800, and Laws of 1893, page 222, amending the same. Before the defendant could be convicted of obstructing a public road, the state was bound to show that a public road was established at the point in question. For the purpose of doing this, as the road was not an ancient road but one recently established, it was essential, among other things, to show that the county court had ordered the establishment and opening of it. The record wholly fails to show this. The only documentary evidence which the record contains is the petition for a public road, the road commissioners, survey and report, and the report of the commissioners to view the road. The record fails to show that the county court ever took any action whatever on either of these matters.

It necessarily results from the foregoing that the judgment must be reversed and the cause remanded. So ordered. All concur.