THE STATE OF MISSOURI, Respondent, v. GEORGE W. TRANSUE, Appellant.

**Kansas City Court of Appeals, June 8, 1908.**

1. **CRIMINAL LAW: Obstructing Highway: Indictment: Evidence: Variance.** ⸱ On reviewing the evidence it is held that whatever the name used in describing the creek where the alleged obstruction occurred, it referred to the same watercourse and there was no variance on that account.

2. **———: ———: Dedication: Evidence: Prescription.** On reviewing the evidence it is held that there was a public highway at the alleged place of obstruction by prescription whether dedicated or not.

3. **———: ———: ———: Conveyance.** The fact that owners in making transfers of their land made no reservation of the right of way alleged to have been dedicated, are of little or no significance, as it is usual in such cases not to make such exception, since the title is in fact in the adjoining landowner subject to the public easement.

4. **———: ———: ———: Instructions.** Instructions are approved as also the refusal of one withdrawing from the jury the testimony of the direction given by the landowner in building a new fence on the line of the road.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*John A. Cross* and *R. H. Musser* for appellant.

(1) The evidence adduced to support the indictment was of an alleged obstruction of a ford leading from the Plattsburg and Liberty road, crossing Smith Fork Creek, on the west side of the bridge and east of defendant's land. There was no allegation of this character in the information and all evidence in relation thereto, was outside of the case, and should have been rejected, after defendant's objections thereto. Kelley, Criminal Law, sec. 184; State v. Cox, 29 Mo. 475; State v. Campbell, 80 Mo. App. 110. (2) This ford or pas-

sageway along the west side of this bridge was not the Plattsburg and Liberty road, nor was same a highway within the meaning of the law. Gurley v. Railroad, 93 Mo. 445; Gurley v. Railway, 104 Mo. 226. (3) Before a defendant can be convicted of having obstructed a public highway, the state must show the establishment of a public road at the place in question. State v. Cunningham, 61 Mo. App. 188; State v. Parson, 53 Mo. App. 135; State v. Ramsey, 76 Mo. 398; State v. Scott, 27 Mo. App. 541; Galhar v. Gates, 20 Mo. 238. (4) There is no pretense that this ford is a part of the Plattsburg and Liberty road, as established by act of the General Assembly, or that public money and labor was expended on said road at the time of this conversation (if admissible), so as to constitute an acceptance thereof, but on the contrary the evidence of J. W. Moreland, overseer, shows no acceptance, and the deed of Davis shows a withdrawal of same, if made, and prior and subsequent owners according to testimony of this official, whose acts the statute recognizes, shows that at their objection he refused to work said ford. The burden of proof on this proposition was upon the State and having failed to show same, this should have taken the case from the jury. Rosenberger v. Miller, 61 Mo. App. 425; Vossen v. Dantel, 116 Mo. 379; McShane v. City, 79 Mo. 41; Landis v. Hamilton, 77 Mo. 560; Brinck v. Collier, 56 Mo. 164; City v. Ratekin, 30 Mo. App. 416; Irwin v. Dixon, 9 How. 10; Stacy v. Miller, 14 Mo. 478; Baker v. Vanderberg, 99 Mo. 378, 391; Institute v. How, 27 Mo. 211; Becker v. City, 37 Mo. 13; State v. Young, 27 Mo. 259; Price v. Breckenridge, 92 Mo. 378; Washburn on Easements (3 Ed.), 188; Baker v. Squires, 143 Mo. 97, 98. (4) Defendant's demurrer should have been sustained at the close of the State's testimony, for the reason: That the evidence fails to show any dedication of the land used for the ford, to the public. Because such user, if any, was not adverse, but permissive

merely and defendant, nor his prior grantor's thereby lost title to said land.  Because there was no showing, which burden was upon the State that said ford or land taken therefor, was accepted and public money and labor expended thereon, by duly constituted agents of the county.  Because such obstructions, if any were shown to have been wilfully and knowingly made, but on the contrary that defendant and his prior grantors had used all necessary precautions by competent surveys, etc., to ascertain the true lines of their land, and had at all times made claim thereof.

*H. T. Herndon* for respondent.

(1)  The question presented in the court below and on appeal is whether or not the road charged to have been obstructed was a public road, and it was submitted to the jury upon the following theories:  First. That the road was an established public road by act of the Legislature of 1855, and known as the Plattsburg and Liberty road, and that a part of this road was obstructed by the defendant.  Second.  That the land on which defendant moved his fence was a part of a public highway and became such by dedication of prior owners of the adjacent premises; and acceptance thereof by the public.   Third.   That said portion of land became a part of the public highway by user thereof for a period of more than ten years on the part of the public and the expenditure of public money thereon for repairs. R. S. 1899, sec. 9472.  (2)  That a public highway may be established by dedication and acceptance is well established by the decisions of the courts of this State. Golden v. Clinton, 54 Mo. App. 100; Rector v. Hart, 8 Mo. 448; Ross v. St. Charles, 49 Mo. 509; Baker v. Vanderberg, 99 Mo. 378.   (3)  It is also settled that a highway may become such by adverse use by the public, acquiesced in by the owner.  Zimmerman v. Snowden, 88 Mo. 218; State v. Wells, 70 Mo. 635; State v. Wal-

ters, 69 Mo. 463.    (4)   Dedication may be established
by acts *in pais*.   Campbell v. Kansas City, 102 Mo. 326.

BROADDUS, P. J.—The defendant was tried on
information and convicted on a charge of obstructing
a public highway.  A highway existed at or near the
place where the defendant is charged with having ob-
structed it, prior to the year 1850, at which time the
Legislature of the State passed an act providing for the
location of a State road from Owens Ferry on the Mis-
souri River in Clay county to the Iowa State line.
[Laws of Mo., 1855, p. 629.]   The commissioners ap-
pointed for the purpose, in pursuance of the act, located
the road, forty feet in width, between the points named,
which passed through the city of Plattsburg in the
county of Clinton.  At a point about one mile east of
said city the road crossed what is known as Smith's
Fork Creek, or Smith's Fork of Platt River, over which
there was a bridge at that time.  Forty-three years ago
James H. Birch, Jr., who was then owner of the lands
on both sides the road obtained an order from the
county court of Clinton county whereby a change was
made in the road north of the bridge, since when it has
remained practically unchanged.   The old bridge has
long since disappeared and at least two others have
been built in its place, the last of which now rest upon
the pillars from which the superstructure of the former
had been carried away by high water in the creek.
There was what the witnesses called a ford at the creek,
just west of the bridge, to which a passway diverged
from the established road a short distance north of the
bridge and which after it passed over the creek again
entered the said road.  It was this passway and not the
road which defendant is charged with having ob-
structed.  Birch conveyed his land to James Dykes, he
to Joseph Williamson and he in turn conveyed to W. F.
Davis, who conveyed the land to a Mr. Thomas, and the

State v. Transue.

title finally vested in the defendant. While Davis was in possession of the land he caused his fence to be re-built along on the west and to the north side of the bridge which left a strip of ground between the fence and road through which this passway was located, the latter however not occupying all of said space. It was shown that the fence was made over thirty years ago, and there had been a fence there before that time, and that Davis was specific in his instructions to his employee to put his fence where the old one stood. It was shown that afterwards this fence was torn down by Mr. Thomas who had then become the owner of the land, and who erected a new fence that took into his enclosure six or eight feet of said space; but that when he was threatened with prosecution he moved it back about four feet, where it remained until the defendant moved his fence farther out which had the effect of obstructing the passway itself although he did not include all of said strip, in his enclosure.

All the witnesses on both sides testify to the use of the passway by the public for more than forty years. There was evidence that at times it was worked by the road authorities, and that at times the debris that had accumulated in the ford of the creek was cleared out to keep it in passable condition. It is to be gathered from the testimony that the passway was used continuously during all those years by the people who traveled the road in going to and from the city of Plattsburg. That by many the ford was preferred to the bridge as a means of crossing the stream, and that its use and occupation was permitted without dissent by all the owners of the land adjoining except in the instance of Thomas, at the time when he moved his fence out and then back again as mentioned.

The defendant contends first that the evidence does not support the allegations of the information. The information charges that defendant obstructed the

Plattsburg and Liberty Road where said road crossed Smith's Fork of Platte River; and that the proof to sustain the charge was of an obstruction of a ford leading from Plattsburg and Liberty road crossing Smith's Fork Creek on the west side of the bridge and east of defendant's land. If the variance between the information and the evidence depends upon the use of the descriptive words Smith's Fork of Platte River used in the information and the words Smith's Fork Creek used by some of the witnesses there was no variance as they both referred to the same stream of water. In the description in the original location the stream is called Smith's Fork of Platte River. Whatever the name used it had reference to the same watercourse.

But we suppose the point sought to be raised by the objection goes to the merits of the case viz., that the passway was no part of the public road described. In support of this contention we are cited to certain authorities. It is held: "Before the defendant could be convicted of obstructing a public road, the State was bound to show that a public road was established at the point in question." [State v. Cunningham, 61 Mo. App. 188.] But the holding of the court was predicated on the theory that there did not exist an ancient road, therefore it should have been shown that one was established by order of the county court. In State v. Parsons, 53 Mo. App. 135, it was held that the order of the court was so defective that it did not legally establish a public road; and that the proceeding could not be aided by the provision of the statute of user for ten years as no such use for that period of time had been shown. In State v. Ramsey, 76 Mo. 398, all that is shown by the record is that there was an order of the county court establishing the road; proof that the same had been used as such; and that defendant had obstructed it. Held sufficient to support a conviction. In State v. Scott, 27 Mo. App. 541, it is held that there

was no evidence of dedication and as the land was not used as a road for the space of ten years it could not become a road by user. In Golahar v. Gates, 20 Mo. 237, the proceedings to open a highway were held void because the way over defendant's land had not been condemned for public use in the manner provided by law.

In no one of the cases mentioned is there any holding that it is no offense against the statute for obstructing a road which has been established by user or dedication. On the contrary it is affirmatively held that land may be dedicated to public use without writing and "may be manifested by acts and declarations." [Baker v. Vanderburg, 99 Mo. 378; Golden v. Clinton, 54 Mo. App. 100; Rose v. St. Charles, 49 Mo. 509; McGrath v. Nevada, 188 Mo. 102.] "The public may acquire the right to the use of a road on the land of another from its use and adverse occupancy, acquiesced in by the landowner for a period of ten years." [Zimmerman v. Snowden, 88 Mo. 218; State v. Walters, 69 Mo. 463; State v. Wells, 70 Mo. 635.]

Section 9472, Revised Statutes 1899, after providing that user by the public of a road for the period of ten years shall be sufficient to legally establish the same where the proceedings to open it have been defective, "provides that in all other cases . . . no lapse of time shall divest the owner of his title to his land, unless in addition to the use of the road by the public for the period of ten consecutive years, there shall have been public money or labor expended thereon for such period." This statute is a modification of the common law and was enacted in 1887. Leaving out of question the fact that the passway in question had been used for a long period of time prior to the passage of the statute, it seems to us that under the change thereby made in the common law, the occupation and user by the public of the strip in question for a period of more than ten years before the date of the alleged obstruction, and

the same having been worked by the road authorities, the State showed that it was a public road. The act of Davis the then owner of the land when he built his fence as stated, tends to show a donation of the strip to the public use. And the subsequent conduct of Thomas when he became the owner of the land and moved his fence back as stated on the demand of the road overseer was a recognition of the fact that the land had been donated to the public for a highway.

But it is said that the acts of Davis and the subsequent owners of the adjoining land, in making the conveyances to the same were inconsistent with the theory of dedication, as they in each instance made no reservation of said strip. We have examined these conveyances and find such to be the fact. But we also find that they conveyed by congressional description with some exceptions, and that they failed not only to include in such exceptions the strip in controversy but also the road as laid out by the commissioners. These acts of the different owners were not of any significance whatever as it is usual in such cases not to take into account, in the way of exceptions in deeds, lands occupied by highways as the title is in fact in the adjoining landowners subject to the public easements. But whether it showed or not a dedication to public use there can be no question but what the State established a legal road by prescription.

We have examined the objections made to the admission of certain evidence and to instructions given for the State and find that they are without merit, and have been answered by what has already been said. Instruction numbered 3 offered by defendant and refused by the court which asked the court to withdraw from the consideration of the jury the testimony of witnesses as to the direction of Davis in placing his fence as stated, was properly refused.

Finding no error in the trial the cause is affirmed. All concur.